IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST HEALTH SOLUTIONS, LLC. and HAPPY QUOTE, LLC<br><br>Defendant. | CIVIL ACTION NO. 2-24-cv-5478<br><br><br>**ANSWER TO COMPLAINT** |

### DEFENDANT HAPPY QUOTE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Happy Quote, LLC ("Happy Quote" or "Defendant"), through its counsel, respectfully submits this Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") filed by Plaintiff Jay Connor ("Connor" or "Plaintiff"). Happy Quote denies each and every allegation in the Complaint unless expressly admitted or otherwise qualified, as follows:

1. Happy Quote responds that the information in Paragraph 1 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

2. Happy Quote denies the allegations in Paragraph 2.

3. Happy Quote responds that the information in Paragraph 3 is Plaintiff's statement of the action she is taking in this case and as such, no response is required. Inasmuch as a response is required, Defendant denies.

4.      Happy Quote responds that the information in Paragraph 4 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

5.      Happy Quote responds that the information in Paragraph 5 is Plaintiff's statement regarding Plaintiff's legal status. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

6.      Happy Quote responds that the information in Paragraph 6 is Plaintiff's statement regarding another party, and inasmuch, no response is required by Happy Quote.

7.      Happy Quote admits the claim in Paragraph 7.

8.      Happy Quote responds that the information in Paragraph 8 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

9.      Happy Quote responds that the information in Paragraph 9 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

10.     Happy Quote responds that the information in Paragraph 10 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

11.     Happy Quote responds that the information in Paragraph 11 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

12.     Happy Quote responds that the information in Paragraph 12 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

13. Happy Quote responds that the information in Paragraph 13 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

14. Happy Quote responds that the information in Paragraph 14 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

15. Happy Quote responds that the information in Paragraph 15 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

16. Happy Quote responds that the information in Paragraph 16 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

17. Happy Quote responds that the information in Paragraph 17 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

18. Happy Quote responds that the information in Paragraph 18 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

19. Happy Quote responds that the information in Paragraph 19 is Plaintiff's statement regarding Plaintiff's legal status. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

20. Happy Quote responds that the information in Paragraph 20 is Plaintiff's statement regarding Plaintiff's telephone number. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

21. Happy Quote responds that the information in Paragraph 21 is Plaintiff's statement regarding Plaintiff's telephone number. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

22. Happy Quote responds that the information in Paragraph 22 is Plaintiff's statement regarding Plaintiff's telephone number. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

23. Happy Quote responds that the information in Paragraph 23 is Plaintiff's statement regarding Plaintiff's telephone number. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

24. Happy Quote responds that the information in Paragraph 24 is Plaintiff's statement regarding Plaintiff's telephone number. Happy Quote lacks sufficient information to provide a response, inasmuch as a response would be required.

25. Happy Quote denies the claim in Paragraph 25, with respect to itself.

26. Happy Quote admits that it did not previously have a business relationship with Plaintiff prior to receipt of the consent to be contacted.

27. Happy Quote denies the allegation in Paragraph 27.

28. Happy Quote admits that it used pre-recorded messaging as described in Paragraph 28, in its communications with Plaintiff; however, it denies that the communications were violated the TCPA in any way.

29. Happy Quote admits that it used pre-recorded messaging as described in Paragraph 29, in its communications with Plaintiff; however, it denies that the communications violated the TCPA in any way.

30. Happy Quote responds that the information in Paragraph 30 makes allegations as to another party, and as such, no response is required by Happy Quote.

31. Happy Quote responds that the information in Paragraph 31 makes allegations as to another party, and as such, no response is required by Happy Quote.

32. Happy Quote responds that the information in Paragraph 32 makes allegations as to another party, and as such, no response is required by Happy Quote.

33. Happy Quote responds that the information in Paragraph 33 makes allegations as to another party, and as such, no response is required by Happy Quote.

34. Happy Quote admits that it uses the marketing name as described in Paragraph 34; however, it denies that it made or makes any illegal calls as alleged in the same paragraph.

35. Happy Quote responds that the information in Paragraph 35 is Plaintiff's opinion regarding a legal definition and as such, no response is required.  Inasmuch as a response is required, Defendant denies.

36. Happy Quote responds that the information in Paragraph 36 is Plaintiff's restatement and opinion of the law and as such, no response is required.  Inasmuch as a response is required, Defendant denies.

37. Happy Quote responds that the information in Paragraph 37 is Plaintiff's restatement and opinion of the law and as such, no response is required.  Inasmuch as a response is required, Defendant denies.

38. Happy Quote responds that the information in Paragraph 38 is Plaintiff's restatement and opinion of the law and as such, no response is required.  Inasmuch as a response is required, Defendant denies.

39. Happy Quote responds that the information in Paragraph 39 is Plaintiff's restatement and opinion of the law and as such, no response is required.  Inasmuch as a response is required, Defendant denies.

40. Happy Quote responds that the information in Paragraph 40 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

41. Happy Quote responds that the information in Paragraph 41 makes allegations as to another party, and as such, no response is required by Happy Quote. However, Happy Quote denies the allegation found in the same paragraph that Happy Quote violated its agreement with Quest Health Solutions, LLC ("Quest").

42. Happy Quote responds that the information in Paragraph 42 makes allegations as to another party, and as such, no response is required by Happy Quote. However, Happy Quote denies the allegation found in the same paragraph that Happy Quote's conduct was illegal.

43. Happy Quote responds that the information in Paragraph 43 makes allegations as to another party, and as such, no response is required by Happy Quote. Inasmuch as one is required, Happy Quote denies.

44. Happy Quote responds that the information in Paragraph 44 makes allegations as to another party, and as such, no response is required by Happy Quote. Inasmuch as one is required, Happy Quote denies.

45. Happy Quote responds that the information in Paragraph 45 makes allegations as to another party, and as such, no response is required by Happy Quote. Inasmuch as one is required, Happy Quote denies.

46. Happy Quote responds that the information in Paragraph 46 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

47. Happy Quote responds that the information in Paragraph 47 makes allegations as to another party, and as such, no response is required by Happy Quote.  Happy Quote admits that it entered into an agreement with Quest to provide them with leads.

48. Happy Quote admits that it entered into an agreement to provide Quest with leads, as stated in Paragraph 48, but denies that Quest controlled the day-to-day activities of Happy Quote, as alleged in Paragraph 48.

49. Happy Quote admits the claims in Paragraph 49.

50. Happy Quote admits the claims in Paragraph 50.

51. Happy Quote denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Happy Quote admits the claims in Paragraph 52, but denies that Happy Quest's actions violated their agreement with Quest in any way.

53. Happy Quote admits the claims in Paragraph 52, but denies that Happy Quest's actions violated their agreement with Quest in any way.

54. Happy Quote responds that the information in Paragraph 54 is Plaintiff's legal opinion of and as such, no response is required.  Inasmuch as a response is required, Happy Quote denies.

55. Happy Quote responds that the information in Paragraph 55 makes allegations as to another party, and as such, no response is required by Happy Quote.  Inasmuch as one is required, Happy Quote denies.

56. Happy Quote responds that the information in Paragraph 56 makes allegations as to another party, and as such, no response is required by Happy Quote.  Inasmuch as one is required, Happy Quote denies.

57. Happy Quote responds that the information in Paragraph 57 makes allegations as to another party, and as such, no response is required by Happy Quote.  Inasmuch as one is required, Happy Quote denies.  Happy Quote further denies that its conduct was illegal.

58. Happy Quote responds that the information in Paragraph 58 is Plaintiff's legal opinion of and as such, no response is required. Inasmuch as a response is required, Happy Quote denies.

59. Happy Quote responds that the information in Paragraph 59 is Plaintiff's legal opinion of and as such, no response is required. Inasmuch as a response is required, Happy Quote denies. Further, Happy Quote denies that the calls were non-consensual.

60. Happy Quote responds that the information in Paragraph 60 makes allegations as to another party, and as such, no response is required by Happy Quote. Inasmuch as one is required, Happy Quote denies.

61. Happy Quote responds that the information in Paragraph 61 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

62. Happy Quote denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Happy Quote denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Happy Quote responds that the information in Paragraph 64 makes allegations as to another party, and as such, no response is required by Happy Quote. Inasmuch as one is required, Happy Quote denies. Happy Quote admits that it contacted Plaintiff in an effort to generate a lead.

65. Happy Quote responds that the information in Paragraph 65 is Plaintiff's statement regarding Plaintiff's herself. Happy Quote lacks sufficient information to provide a response. Inasmuch as a response would be required.

66. Happy Quote responds that the information in Paragraph 66 is Plaintiff's statement regarding Plaintiff's herself. Happy Quote lacks sufficient information to provide a response. Inasmuch as a response would be required.

67. Happy Quote denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. Happy Quote denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Happy Quote denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Happy Quote responds that the information in Paragraph 70 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

71. Happy Quote responds that the information in Paragraph 71 is Plaintiff's statement regarding exclusions from the case, representing a legal opinion. As such, no response is required. Inasmuch as a response is required, Defendant denies.

72. Happy Quote responds that the information in Paragraph 72 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

73. Happy Quote denies the claims in Paragraph 73, namely that there is a class resulting from Happy Quote's conduct.

74. Happy Quote responds that the information in Paragraph 74 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

75. Happy Quote responds that the information in Paragraph 75 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

76. Happy Quote responds that the information in Paragraph 76 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

77. Happy Quote denies the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. Happy Quote responds that the information in Paragraph 78 is Plaintiff's statement of its intended redress in this case, and as such, no response is required. Inasmuch as a response is required, Defendant denies.

79. Happy Quote responds that the information in Paragraph 79 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

80. Happy Quote responds that the information in Paragraph 80 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

81. Happy Quote responds that the information in Paragraph 81 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

82. Happy Quote responds that the information in Paragraph 82 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

83. Happy Quote responds that the information in Paragraph 83 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

84. Happy Quote responds that the information in Paragraph 84 is Plaintiff's restatement and opinion of the law and as such, no response is required. Inasmuch as a response is required, Defendant denies.

85. Happy Quote responds that the information in Paragraph 85 is a restatement of the claims in the case by reference, and as such, no response is required. Inasmuch as one it required, Happy Quote Denies.

86. Happy Quote denies the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. Happy Quote denies the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. Happy Quote denies the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. Happy Quote denies the allegations contained in paragraph 89 of Plaintiff's Complaint.

PRAYER FOR RELIEF

Happy Quote affirmatively denies that Plaintiff and the proposed class are entitled to any relief.

**AFFIRMATIVE DEFENSES**

Happy Quote submits its initial Affirmative Defenses to the claims set forth in Plaintiff's Complaint, as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction because Plaintiff have not suffered actual harm and therefore has no Article III standing to sue.

**THIRD AFFIRMATIVE DEFENSE**

Happy Quote never intended to call Plaintiff, even if it did.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff previously consented to receive the alleged communications.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant may qualify for the safe harbor provisions contained in the TCPA.

**SIXTH AFFIRMATIVE DEFENSE**

Any alleged calls to Plaintiff were not "unwanted" or "unsolicited."

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith to comply with the law and has not willfully or knowingly violated any provision, subsection or regulation under the TCPA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to take reasonable steps to mitigate and/or avoid the alleged damages. Plaintiff failed to do so, and therefore may be barred, in whole or in part, from recovering damages in this case.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit, may preclude its liability to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join necessary, indispensable, and/or proper parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred to the extent that Plaintiff acquiesced to the alleged conduct by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant and its contractors had a First Amendment free speech right to make the alleged calls, if they were made.

WHEREFORE, having fully answered, Happy Quote respectfully requests that the Court:

1) Dismiss Plaintiff' claim with prejudice,

2) Enter judgment against Plaintiff and in favor of Happy Quote on all claims;

3) Enter a judgment that Plaintiff take nothing by way of his Complaint;

4) Award costs against Plaintiff, including Happy Quote's reasonable attorneys' fees and costs, and

Grant Happy Quote such other and further relief as this Court deems just and proper.

I certify that, upon filing this Motion with the court, a copy will be provided to Plaintiff's counsel by email.

Respectfully submitted this 26th day of February, 2025.

By:

/s/ John G. Papianou
John G. Papianou, Esq.
MONTGOMERY MCCRACKEN WALKER &
RHOADS LLP
jpapianou@mmwr.com
1735 Market Street, 20th Floor
Philadelphia, PA 19103
T: (215) 772-1500

Attorney for Defendant, Happy Quote, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of February, 2025, I delivered the foregoing Answer via electronic case filing notice, to:

Andrew Roman Perrong, Esq.
Perrong Law LLC
a@perronglaw.com
2657 Mount Carmel Avenue
Glenside, PA 19038
T:  (215) 225-5529

*Attorney for Plaintiff*

/s/ John G. Papianou