IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>    v.<br><br><br>QUEST HEALTH SOLUTIONS, LLC<br><br>AND<br><br>HAPPY QUOTE LLC<br>                    Defendants. | Case No.<br>2:24-cv-05478-GAW |

**DECLARATION OF JESSICA MURCH**

1. My name is Jessica Murch. I am over 18 years old. I can testify competently to the undersigned statements.

2. This Declaration is being made under the penalty of perjury pursuant to 28 U.S.C. § 1746.

3. I make this Declaration in opposition to the Defendant's motion to dismiss for lack of personal jurisdiction.

4. I am the Plaintiff in this lawsuit.

5. My telephone number 215-XXX-XXXX is a cellular telephone number.

6. I am the user of 215-XXX-XXXX.

7. The 215-XXX-XXXX number is registered in my name and I am the subscriber of record.

8. The telephone number at issue is assigned to a telephone exchange in North Wales, Pennsylvania.

9. The 215- area code is associated with the State of Pennsylvania.

10. I did not ask for or request calls from Quest Health or Happy Quote.

11. I have reviewed my records of the calls that began with robots from Defendant Happy Quote and were transferred to employees of Quest Health.

12. Those calls demonstrate that Defendant Quest Health directed its conduct into Pennsylvania by, among other things, directing Happy Quote to call my Pennsylvania telephone number, and knowingly accepting the lead that Happy Quote generated as a result of those robocalls.

13. Without any prompting, during the call I received on October 2, 2024, the first human Quest Health employee with whom I spoke asked me if I was from Pennsylvania and had trouble hearing me so asked me again to confirm what state I was in.

14. This indicates that the human Quest Health employee with whom I spoke knew, presumably from Happy Quote, that I had a Pennsylvania number.

15. I responded affirmatively to that question, including because, in my experience, a telemarketer will hang up and you will be unable to identify them if you give them contrary information.

16. This agent went so far as to ask me what the weather was like in Pennsylvania.

17. That Quest Health agent then transferred me to another human in Quest Health's shipping department who had the information I had provided the previous agent, including that I was in Pennsylvania.

18.     That shipping agent also attempted to bill Pennsylvania Medicare but bailed out on the call once they realized I do not have Medicare.

19.     It is also my understanding that Quest Health has at least two sales employees in Pennsylvania, including Kevin Withers, its Vice President of Sales, and Madison Dew, a sales representative, LinkedIn Profiles of which are attached herein as Exhibits B and C.

20.     Both calls I received also had "spoofed" 215- caller ID numbers, as well, further demonstrating that the Defendants were directing their conduct into Pennsylvania, including to sell Quest Health's products.

21.     Both calls I received promoted Quest Health's diabetic supply products and were made for the purpose of attempting to get me to purchase the same. No other company's products, other than Quest Health's, were listed or stated on the call.

22.     Based on the fact that the first Quest Health employee with whom I spoke knew that I had a Pennsylvania telephone number without my telling them, as well as the fact that they continued the marketing process by sending me to Quest Health's shipping department, Quest Health was well aware that I had a Pennsylvania telephone number but continued to market to me.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed this 9th day of April 2025, in the United States of America,**



**Jessica Murch**