IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH : | |
| : | |
| v. : | CIVIL ACTION NO.  24-5478 |
| : | |
| QUEST HEALTH SOLUTIONS, LLC : | |

**NOTICE**

A **RULE 16 PRETRIAL CONFERENCE** will be held with Judge Gail Weilheimer on **June 12, 2025 at 1:30 p.m.**, in Chambers (Room 7614), United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  **Lead trial counsel is required to appear at the conference.**  If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with and prepared to discuss the substance, settlement and scheduling of this case is required to appear at the Conference.

Judge Weilheimer considers a Rule 16 Conference to be a case management conference addressing the **substantive** issues in the case, not merely a scheduling conference.  Counsel should be prepared to discuss the strengths and weaknesses of the case and be completely conversant with the essential issues and facts.  Except in cases with a substantial quantity of documents, the parties are expected to have identified and produced all documents falling within the definition of initial disclosures under Rule 26(a)(1) **in advance** of the Conference to equip all counsel to discuss them intelligently.

Attached is Judge Weilheimer's form Report of Rule 26(f) Meeting.  After consultation with counsel for all parties, counsel shall complete, forward to Chambers, and file on ECF the required Report of the Rule 26(f) Meeting incorporating all the information described in Judge Weilheimer's form Report five (5) days before the Conference.

The Rule 26(f) Report should **attach** critical documents for review by the Court (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of

the scene, etc.).  If the parties anticipate that any such documents might ultimately be subject to a confidentiality order, those documents may be emailed to chambers separately.

Judge Weilheimer expects that the parties will commence discovery in advance of the Conference.

 s/ Richard C. Thieme
Richard C. Thieme
Deputy to Judge Weilheimer
267-299-7769

FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  :  |  |
|---|---|---|
|  | : |  |
| **v.** | : | **CIVIL ACTION NO.** |
|  | : |  |
|  | : |  |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on _____ and submit the following report of their meeting for the Court's consideration:

**Date and time of Rule 16 Conference:** _____

**Plaintiff's Counsel participating in the Rule 16 conference**: _____

**Defendant's Counsel participating in the Rule 16 conference**: _____

**Basis of Jurisdiction:** _____

**Jury trial** _____    **Non-Jury Trial** _____    **Arbitration** _____

**Do the parties consent to having this case proceed before a Magistrate Judge?** _____

**1. Discussion of Claims, Defenses, and Relevant Issues**

You should assume that the Court has read the complaint and answer and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the controlling facts that the parties contend support their claims and defenses. Each party shall provide a brief factual summation of the case should be provided as an attachment and should not exceed two pages in length, double spaced in 12 point font.

If counsel contends that one or more issues of fact or law will be dispositive, they should specifically identify such issues.

**Informal Disclosures**

Except in exceptional cases with a substantial quantity of documents, the parties are expected to have identified and **produced** documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Conference with sufficient time for opposing counsel to review them and be prepared to address them.

**When did parties participate with Rule 26(a)'s duty of self-executing disclosure?**

_____

If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

**Formal Discovery**

The discovery deadline should normally be no more than 90 - 120 days from the date of the Rule 16 conference.

**The parties anticipate discovery should be completed within ____ days.**

**If you contend the discovery period should exceed 120 days, please explain:**

_____

_____

**Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?** _____

**Is electronic discovery needed: _____ If so, have the parties reached an agreement on how to conduct electronic discovery? _____.** If the parties cannot reach an agreement, in most cases, the Court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

Have all necessary authorizations been signed and exchanged in advance of the Conference (e.g. HIPPA release, tax return authorization) _____**yes** _____ **no**

**Are there any discovery issues that should be addressed at the Rule 16 conference?**

_____

_____

**Does either party anticipate the use of experts?** _____**yes**      _____ **no**

**If yes, describe the nature of the experts.**

_____

_____

**<u>Insurance Coverage:</u>**

The parties shall provide full information about any potentially applicable insurance, regardless of any disclaimer or reservation of rights, including the limits of coverage, potential excess coverage, deductibles, self-insured retention (SIR), and whether any deductible or SIR includes payment of counsel fees and costs.

**Is there a relevant insurance policy?**        _____**yes**    _____ **no**

If yes, then attach the policy to your response.

**<u>Dispositive Motions:</u>**

        **Are dispositive motions expected?** _____**yes**    _____ **no**    _____ **unsure**

        **Are Daubert motions expected?**     _____**yes**    _____ **no**    _____ **unsure**

**Settlement or Resolution**

The parties should review Local Rule 53.3 before responding. Whenever possible, plaintiff or counter-claim plaintiffs should communicate a settlement demand before the Conference. Set forth the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

If this matter is scheduled as a jury trial, the parties should disclose the most recent demand and offer of settlement. This information should not be disclosed if a bench trial is expected.

**Would a settlement conference be beneficial?** _____

**If so, when:** _____ early   _____ after discovery.

**Other Matters**

Please advise the Court if there are any other matters that will need to be addressed at the Conference.

Counsel agrees that they have fully discussed their joint responses to this disclosure and have jointly submitted this response to the best of their knowledge of their respective cases:

_____
(Attorney Signature)


_____
(Attorney Signature)