IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST HEALTH SOLUTIONS, LLC, *et al.*,<br><br>Defendants. | Case No. 24-cv-05478-GAW |

**DEFENDANT QUEST HEALTH SOLUTIONS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO <u>FILE A REPLY BRIEF</u>**

Defendant Quest Health Solutions, LLC ("Quest") seeks leave to file a reply brief in support of its Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"), ECF No. 19, to address Plaintiff's arguments in her Response in Opposition to Quest's Motion to Dismiss ("Opposition"), ECF No. 25. The specific issues Quest seeks leave to address are as follows:

First, Quest's reply brief would explain why the authorities Plaintiff cites to do not support her argument that Quest is subject to personal jurisdiction based on alleged vicarious liability. For example, *Newell v. Strategic Admin. Grp., Inc.*, No. 2:20-CV-00967-JDW, 2020 WL 12770854 (E.D. Pa. May 6, 2020), is inapposite because in that case, the agent was authorized to sell the principal's product on the principal's behalf. By contrast, Plaintiff does not allege that Happy Quote was authorized to sell Quest's products, and the agreement between Happy Quote and Quest establishes that Happy Quote had no such authority. The other authorities cited by Plaintiff are inapposite for similar reasons.

Second, Quest seeks leave to address Plaintiff's new factual material not alleged in the Amended Complaint (see ECF No. 25, Exs. A, B, and C), as well as Plaintiff's faulty specific personal jurisdiction analysis based on *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021).  *Ford* held that a break in the causational chain does not break the jurisdictional chain, *id*. at 373–74, but Quest's argument is not that jurisdiction is lacking due to a break in the causational chain.  Instead, Quest is not subject to personal jurisdiction in this case because Plaintiff's claim does not arise out of or relate to any alleged contacts Quest has with Pennsylvania.  Quest seeks the opportunity to explain why neither Plaintiff's new factual material nor *Ford* supports her claim that Quest is subject to personal jurisdiction.  Moreover, Quest seeks to file a reply brief to explain why on this record, even as supplemented by Plaintiff's new factual material, jurisdictional discovery is unwarranted and this Court should not permit it.

Third, Quest seeks to bring to the Court's attention a decision issued after Quest filed its Motion to Dismiss: *Paul Span* v. *LendingTree, LLC*, No. 23-cv-0007 (C.D. Cal. Mar. 18, 2025).  On facts analogous to those alleged in Plaintiff's Amended Complaint, the *LendingTree* Court found that LendingTree, as the seller, did not have an agency relationship with the telemarketing company that placed the call at issue, and thus that Lending Tree could not be liable under the TCPA based on vicarious liability.  Quest seeks the opportunity to highlight that the facts integral to the decision are also alleged here in Plaintiff's Amended Complaint, in contrast to the alleged facts in the authorities Plaintiff cites, which are not alleged here.

Fourth, Quest seeks to respond to Plaintiff's arguments concerning vicarious liability.  Quest seeks leave to explain why Plaintiff's illogical interpretations of the Lead Generation Agreement between Happy Quote (ECF No. 25 at 16–18) do not plausibly suggest that Quest is vicariously liable for Happy Quote's alleged actions under the governing authorities.  Further,

Quest seeks to show that *Havassy v. Keller Williams Realty* and the other authorities Plaintiff cites in her Opposition, ECF No. 25 at 18–20, are inapposite here because, as the allegations of the Amended Complaint and the Lead Generation Agreement themselves show, Happy Quote had no authority to act on Quest's behalf. Quest also seeks to distinguish the cases Plaintiff cites regarding actual and apparent authority, as well as ratification, and to explain that governing law dictates that the Lead Generation Agreement and allegations of the Amended Complaint fail to establish vicarious liability under any of these three theories.

For the above stated reasons, Quest respectfully requests that this Court grant it leave to file a reply brief in support of its Motion to Dismiss Plaintiff's Amended Complaint within fourteen days of the date of the Order granting this Motion.

**GREENBERG TRAURIG, LLP**

Respectfully submitted,

Dated: April 14, 2025

*/s/ Brian T. Feeney*
Brian T. Feeney
1717 Arch Street, Suite 400
Philadelphia, PA 19103
215.988.7812
brian.feeney@gtlaw.com

*Attorney for Defendant Quest Health Solutions, LLC*