IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH,<br>Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>QUEST HEALTH SOLUTIONS, LLC,<br>and HAPPY QUOTE LLC,<br><br>　　　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     CIVIL ACTION No. 2-24-cv-5478 |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Motion of John Papianou, Robert Day, and Patrick Ryan for Leave to Withdraw as Counsel, and any responses thereto, it is hereby ORDERED AND DECREED that said Motion is GRANTED and Attorneys Papianou, Day, and Ryan are hereby removed as Attorneys of Record for Defendant Happy Quote, LLC.

　　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Judge Gail A. Weilheimer

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH,<br>Individually and on behalf of all others<br>similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>QUEST HEALTH SOLUTIONS, LLC,<br>and HAPPY QUOTE LLC,<br><br>            Defendants. | CIVIL ACTION No. 2-24-cv-5478 |

**MOTION OF JOHN PAPIANOU, ROBERT DAY, AND PATRICK RYAN
FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT
HAPPY QUOTE, LLC PURSUANT TO LOCAL RULE 5.1(b)**

John G. Papianou, Robert E. Day, and Patrick T. Ryan of the law firm Montgomery McCracken Walker & Rhoads LLP, (collectively "MMWR Counsel") hereby file this Motion pursuant to Local Rule 5.1(b) seeking leave to withdraw as counsel for Defendant Happy Quote, LLC ("Happy Quote") in this matter and in support thereof state as follows:

1. Plaintiff Jessica Murch filed a Complaint against Defendant Quest Health Solutions, LLC ("Quest") on October 15, 2024, followed by an Amended Complaint against Quest and Happy Quote on December 18, 2024. (Doc. Nos. 1 and 9).

2. MMWR Counsel's representation of Happy Quote LLC began in January 2025, following communications with Happy Quote's Outside Counsel, Attorney Matthew R. Pitts of Pitts Law, PLLC. *See* Declaration of Robert Day in Support of Motion to Withdraw ("Day Decl."), attached hereto as Exhibit 1, at ¶¶ 3-4. Mr. Pitts is not admitted to practice in Pennsylvania. His office address is 14314 S. Fort Pierce Way, Herriman, UT 84096. *Id.* at ¶ 5.

1

3. In accordance with Local Rule 5.1(a), Attorney Papianou's appearance was deemed entered as of January 13, 2025, upon his filing of the "Stipulation by Happy Quote LLC." (Doc. No. 12).

4. Attorneys Day and Ryan each noticed their appearances on May 13, 2025. (Doc. Nos. 33 and 34).

5. Although Happy Quote initially provided some information and responded to follow-up requests from MMWR Counsel for additional information that could be pertinent to its defense, Happy Quote has not responded to multiple requests for information since April 25, 2025. Day Decl. ¶ 7. MMWR Counsel made repeated efforts over the past several weeks to communicate with Happy Quote about information needed to represent their interests in this litigation, including multiple follow-up attempts, but Happy Quote did not respond to any of those requests for information. *Id*. ¶¶ 8-9. In particular, MMWR Counsel sent detailed requests, via email, for information needed for Happy Quote's initial disclosures under Rule 26(a)(1) and other defense-related matters to the Happy Quote employee who has been the law firm's contact person since the firm was retained, and who had previously provided requested information. These more recent email requests were sent on April 25, 2025, April 30, 2025, May 4, 2025, May 7, 2025, and May 9, 2025. *Id*.

6. As a result of this non-communication, MMWR Counsel is unable to effectively represent Happy Quote's interests in this matter.

7. On May 14, 2025, Happy Quote's outside counsel, Attorney Pitts, informed Attorney Day that Happy Quote "does not want to continue the litigation," and "wants [MMWR Counsel] to stop working." Day Decl. ¶ 10.

8. That same day, MMWR Counsel attempted to confirm these representations directly with Happy Quote. MMWR Counsel advised Happy Quote in an email that we understood it no longer wished to proceed in this matter, that we intended to withdraw from representing Happy Quote, and that failure to retain substitute counsel could result in the entry of a default judgment. Day Decl. ¶ 11.

9. On May 25, 2025, MMWR Counsel advised Happy Quote in an email that, given their instruction to stop working on this matter, MMWR Counsel would file a motion to withdraw. Day Decl. ¶ 12.

10. On May 28, 2025, Happy Quote consented to MMWR Counsel proceeding with the motion to withdraw. Day Decl. ¶ 12.

11. Pursuant to Local Rule 5.1(b), an attorney's appearance may be withdrawn with leave of court. EDPA Local Rule 5.1(b).

12. In considering a motion for leave to withdraw, this Court is guided by the Pennsylvania Rules of Professional Conduct. *See* Local Rule 83.6 ("The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania.")

13. Pennsylvania Rule of Professional Conduct 1.16(a)(3) provides that "where representation has commenced," a lawyer "shall withdraw from the representation of a client if … the lawyer is discharged." Pa. R. Prof. Cond. 1.16(a)(3).

14. In addition, Rule 1.16(b) provides that a lawyer may withdraw from representing a client where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Pa. R. Prof. Cond. 1.16(b)(5).

3

15. This Court also considers: "(1) the reason why withdrawal is sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case." *Wolgin v. Smith*, No. CIV. A. 94-7471, 1996 WL 482943 (E.D. Pa. Aug. 21, 1996) (citing *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996); *Crestar Mortgage Corp. v. Peoples Mortgage Co.*, 1995 W.L. 695093 (E.D. Pa. 1995)).

16. While a corporation must be represented by counsel, counsel may withdraw before new counsel is obtained. *LabMD Inc. v. Boback*, 47 F.4th 164, 190 (3d Cir. 2022) (stating that "in certain circumstances, counsel for a corporation should be permitted to withdraw even before the corporation finds a suitable substitute" if he "demonstrates to the satisfaction of the district court that [his] appearance serves no meaningful purpose") (internal citations omitted).

17. Here, good cause exists to grant the withdrawal of MMWR Counsel based on: (a) notice from Happy Quote's outside counsel—who was involved in retaining MMWR Counsel for this matter—that Happy Quote no longer wishes for MMWR Counsel to continue work, (b) Happy Quote's confirmation that MMWR Counsel should proceed in filing this motion to withdraw from the case; and (c) a complete breakdown in communication between MMWR Counsel and the client that has rendered MMWR Counsel unable to effectively represent Happy Quote's interests in this matter.

18. This Motion is made in good faith and without purpose of delay.

A copy of this Motion is being served on Happy Quote LLC c/o Hamza Riaz – hamza.riaz@happyquote.io and Happy Quote's outside counsel Matthew Pitts, Esquire – matt@pittslawyer.com.

WHEREFORE, John Papianou, Robert Day, and Patrick Ryan of the law firm Montgomery McCracken Walker and Rhoads, LLP respectfully request that this Honorable Court grant their motion and enter an order permitting them to withdraw as counsel for Defendant Happy Quote, LLC.

Respectfully submitted,

By: /s/ Robert E. Day
John G. Papianou (Pa. No. 88149)
Robert E. Day (Pa. No. 321298)
Patrick T. Ryan (Pa. No. 37728)
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 772-1500
jpapianou@mmwr.com

*Attorneys for Defendant Happy Quote LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th date of May, 2025, I served a true and correct copy of the foregoing MOTION FOR LEAVE TO WITHDRAW AS COUNSEL upon all counsel of record via the court's electronic filing system and upon the following via electronic mail:

Happy Quote LLC c/o Hamza Riaz – hamza.riaz@happyquote.io

Matthew Pitts, Esquire – matt@pittslawyer.com

Date: May 28, 2025					By: /s/ Robert E. Day
							Robert E. Day (Pa. No. 321298)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH,<br>Individually and on behalf of all others<br>similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>QUEST HEALTH SOLUTIONS, LLC,<br>and HAPPY QUOTE LLC,<br><br>                Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION No. 2-24-cv-5478<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>DECLARATION FOR ROBERT DAY IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT HAPPY QUOTE LLC PURSUANT TO LOCAL RULE 5.1(B)</u>**

I, Robert Day, being over the age of eighteen (18), hereby declare as follows:

1. I am a licensed attorney in good standing in the Commonwealth of Pennsylvania.

2. I am a partner in the Philadelphia office of Montgomery McCracken Walker & Rhoads LLP ("MMWR").

3. In January 2025, MMWR was retained to represent Defendant Happy Quote LLC ("Happy Quote") in connection with the above-captioned matter.

4. The engagement was arranged through Happy Quote's outside counsel, Matthew R. Pitts of Pitts Law, PLLC.

5. Mr. Pitts is not admitted to practice in Pennsylvania. His office address is 14314 S. Fort Pierce Way, Herriman, UT 84096.

6. MMWR attorneys John Papianou, Patrick Ryan, and I have each entered appearances on behalf of Happy Quote in this matter.

1

7. Happy Quote initially provided some information and responded to follow-up requests from MMWR for additional information that could be pertinent to its defense, but it has not responded to multiple requests for information since April 25, 2025.

8. MMWR made repeated efforts over the past several weeks to communicate with Happy Quote about information pertinent to its defense but received no response to those requests for information, despite multiple follow-up attempts.

9. Specifically, on April 25, 2025, my colleague Patrick Ryan sent a detailed request, via email, for information needed for Happy Quote's initial disclosures under Rule 26(a)(1) and other defense-related matters to the Happy Quote employee who has been our contact person at Happy Quote since we were retained, and who had previously provided requested information. I followed up with additional requests and reminders on April 30, 2025, May 4, 2025, May 7, 2025, and May 9, 2025. Happy Quote did not respond to any of these requests for information.

10. On May 14, 2025, Attorney Pitts informed me that Happy Quote "does not want to continue the litigation," and "wants you to stop working."

11. That same day, Attorney Papianou attempted to confirm these representations directly with Happy Quote. He sent an email advising that, based on our understanding, Happy Quote no longer wished to proceed with this matter. He further advised that we intended to withdraw from the representation, and that failure to retain substitute counsel could result in the entry of a default judgment.

12. On May 25, 2025, I advised Happy Quote in an email that, given their instruction to stop working on this matter, my colleagues and I would file the motion to withdraw. On May 28, 2025, Happy Quote consented to MMWR Counsel proceeding with the motion to withdraw.

13. Based on these communications, MMWR has been discharged as counsel.

3

14. There has also been a complete breakdown in communication between MMWR and Happy Quote. As a result, MMWR is unable to effectively represent Happy Quote's interests in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 28, 2025            By: /s/ Robert E. Day
                                         Robert E. Day (Pa. No. 321298)