IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST HEALTH SOLUTIONS, LLC, *et al.*,<br><br>Defendants. | Case No. 24-cv-05478-GAW |

## ORDER

AND NOW, this 2nd day of June, 2025, upon consideration of Defendant Quest Health Solutions, LLC's ("Quest") Motion to Dismiss (Dkt. #19, the "Motion"), and Plaintiff's opposition thereto (Dkt. #25), it is hereby ORDERED that the motion is DENIED without prejudice. Quest should timely file its Answer to the Complaint. Quest will be permitted to make further argument regarding personal jurisdiction in later dispositive motions.[1]

BY THE COURT:

*[signature]*

GAIL A. WEILHEIMER    J.

---

[1] Quest seeks dismissal of Plaintiff's Complaint on two theories: 1) that this Court lacks personal jurisdiction over Quest; and 2) that Plaintiff has failed to state a claim upon which relief can be granted. In support of both these theories, Quest heavily relies on the contract between it and its codefendant Happy Quote, LLC ("Happy Quote"), which outlines the relationship between the two defendants as not being one of agency and which disclaims Quest's ability to tell Happy Quote how to generate the leads that are ultimately passed along to Quest. But at the motion to dismiss stage the details of this contract cannot supersede the allegations of the Complaint. While the Court is permitted to consider some extrinsic evidence when considering a motion to dismiss

under Rule 12(b)(2), this Court must still credit the well-pleaded factual allegations of Plaintiff. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

It is self-evident that a Plaintiff who is not party to a contract cannot possibly be bound by the terms of that contract at the motion to dismiss phase. It is plausible that Quest and Happy Quote were not diligently observing the contours of their written agreement. It is at least *possible* that the Defendants' course of conduct together violated their own agreement created actual or apparent authority *vis-à-vis* Plaintiff.

On the merits, this Court finds that the factual allegations of the Complaint are sufficient- at this stage- to confer personal jurisdiction. The Complaint alleges that she received a call from Happy Quote "at Defendant Quest's direction. . . ." Dkt. #9 at ¶ 27. Plaintiff alleges that various of the people she spoke to on the phone were Quest employees and that the call waiting message identified that she was on hold with Quest. *Id.* at ¶¶ 30-33. There is ample case law, cited by Plaintiff, which would suggest that these allegations, if true, could result in both personal jurisdiction in the Eastern District of Pennsylvania and substantive liability under the relevant statute.

The grounds from which Quest seeks dismissal are essentially coterminous with Plaintiff's theory of liability against it. Effectively, Quest seeks dismissal by saying "we didn't do what the Complaint says we did!" That may well be true. But the sort of discovery which would be needed to aid an early jurisdictional dismissal on such fact-laden grounds would be barely less burdensome (if at all) than that needed to resolve the claims against Quest on their merits. For that reason, the Court thinks it would not be in the interest of judicial economy to create dual discovery tracks.

The Motion raises some legitimate and weighty questions regarding how involved Quest was in Happy Quote's activities, and how that level of involvement might eventually weigh against both personal jurisdiction and liability. Questions for which discovery will provide insight. Dismissing the compliant at this stage is premature because the Complaint alleges enough proceed forward. If Quest's representations in the motion bear out in the case these defenses may be meritorious in a future dispositive motion.