**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>QUEST HEALTH SOLUTIONS, LLC, *et al.*,<br><br>       Defendants. | Case No. 24-cv-05478-GAW |

**DEFENDANT QUEST HEALTH SOLUTIONS, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Quest Health Solutions, Inc. ("Quest"), by its counsel, Greenberg Traurig, LLP, hereby answers plaintiff Jessica Murch's ("Plaintiff") first amended class action complaint filed at ECF No. 9 ("Amended Complaint") and asserts affirmative defenses as follows:

## I.  INTRODUCTION

1.  Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

2.  Admitted in part; denied in part. Quest admits only that Plaintiff "alleges" the factual allegations in this paragraph. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation that Happy Quote LLC made unsolicited pre-recorded telemarketing calls to her without prior express consent and this allegation is, therefore, denied. Quest specifically denies that any such calls, if they occurred, were made at the direction of and/or selling the products of Quest.

3.      Admitted in part; denied in part. Quest admits only that Plaintiff is suing on behalf of a proposed nationwide class. Quest lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and the same are, therefore, denied.

4.      Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

## II.      PARTIES

5.      Denied.  Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 5 and this allegation is, therefore, denied.

6.      Admitted.

7.      Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied

## III.      JURISDICTION AND VENUE

8.      Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

9.      Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest specifically denies that this Court has specific personal jurisdiction over Quest. Quest specifically denies the remaining allegations in this paragraph.

10.      Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest specifically denies that the events giving rise to Plaintiff's claims were sent into this District.

## IV.    <u>FACTS</u>

11.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

12.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

13.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

14.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

15.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

16.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

17.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

18.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

19.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

20.    Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

21.    Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

22.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

23.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

24.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

25.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

26.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

27.     Denied. Quest specifically denies that Happy Quote made calls at Quest's direction. Quest lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and the same are, therefore, denied.

28.     Denied.  Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

29.     Denied.  Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

30.     Denied.

31.     Denied.

32.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the same are, therefore, denied.

33.     Denied.

34.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and the same are, therefore, denied.

35.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and the same are, therefore, denied.

36.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

37.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

38.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

39.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

40.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest specifically denies that Quest is liable for Happy Quote's conduct.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied. Quest's contractual relationship with a lead generator was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement.

45.     Denied. Quest's contractual relationship with Happy Quote was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement.

46.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest's relationship with Happy Quote did not contain any hallmarks of agency.

47.     Denied. Quest's contractual relationship with Happy Quote was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement.

48.     Denied. Quest's contractual relationship with Happy Quote was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement. Quest denies the remaining allegations in this paragraph.

49.     Denied. Quest's contractual relationship with Happy Quote was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement.

50.     Denied. Quest's contractual relationship with Happy Quote was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement.

51.     Denied. Quest did not control the content of Happy Quote's telemarketing. Instead, Happy Quote was an independent contractor who sold leads to Quest but was not supervised by Quest.

52.     Denied. Quest's contractual relationship with Happy Quote was the subject of an integrated agreement, the terms of which speak for themselves. Quest denies the allegations of this paragraph to the extent they differ from the agreement.

53.     Denied.

54.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest did not direct Happy Quote or any of its conduct, methods, criteria, or communications.

55.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

56.     Denied.

57.     Denied.

58.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest denies ratifying Happy Quote's conduct.

59.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

60.     Denied.

61.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

62.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

63.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

64.    Denied.

65.    Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

66.    Denied.  Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

67.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

68.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

69.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

## V.    CLASS ACTION ALLEGATIONS

70.    Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. Quest denies that class certification of this action is appropriate.

71.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

72.     Denied. Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

73.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

74.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

75.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Quest lacks knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph and the same is, therefore, denied.

76.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

77.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

78.     Denied.  The allegations in this paragraph constitute a description of the relief sought in the complaint to which no responsive pleading is required.

79.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

80.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

81.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

82.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

83.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

84.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

85.     Quest incorporates by reference its responses to paragraphs 1 through 84 as though set forth fully herein.

86.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

87.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

88.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

89.     Denied. The allegations in this paragraph are denied as conclusions of law to which no responsive pleading is required.

## PRAYER FOR RELIEF

**WHEREFORE**, Quest demands that Plaintiff's claims be dismissed, with prejudice, that class certification be denied, and that the Court award attorney's fees and costs incurred in defending against Plaintiff's claims, along with such other and further relief as the Court deems appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any claim for damages by Plaintiff is barred because her damages were caused by persons or entities other than Quest.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Quest fail because Quest is not vicariously liable for Happy Quote's conduct.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Quest fail because Quest complied with applicable statues and regulations, including 47 C.F.R. §§ 64.1200(a)(2) and (a)(3).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff or someone acting on Plaintiff's behalf consented to receive telephone calls such as those alleged in the Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and remedies are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Quest's contact with Plaintiff was not a solicitation but was in direct response to a request for information.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims cannot be properly certified under Fed. R. Civ. P. 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions relating to the class.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and purported members of the proposed class are not aggrieved parties and have not suffered any damages as a result of any actions or inactions of Quest.

### TENTH AFFIRMATIVE DEFENSE

Any award of statutory damages against Quest would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Under Article III of the United States Constitution, Plaintiff lacks standing to bring the claims alleged in the Amended Complaint because Plaintiff has not incurred any loss or injury in fact.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the TCPA does not apply to the calls referenced in Plaintiff's Amended Complaint; the calls were not initiated "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" and thus do not constitute "telephone solicitations" within the meaning of the TCPA. See 47 U.S.C. § 227(a)(4).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the TCPA does not apply to the calls referenced in Plaintiff's Amended Complaint; the calls were not made using any "automatic telephone dialing system of artificial prerecorded voice."

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the TCPA does not apply to the calls referenced in Plaintiff's Amended Complaint; the calls were "not charged to the called person or counted against the called person's plan limits on minutes or texts." *See* 47 C.F.R. § 64.1200(a)(9); *see also* 47 C.F.R. § 64.1200(a)(9)(iv).

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the TCPA's safe harbor provision or other safe harbor defenses or statutory defenses, including 47 C.F.R. § 64.1200(c)(2).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is not the owner of the telephone number on which Plaintiff alleges the calls were made to her.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Happy Quote is not Quest's agent and, therefore, cannot be vicariously liable for calls made by Happy Quote.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the alleged calls referenced in Plaintiff's Amended Complaint are protected under the First Amendment right to free speech.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because none of the alleged calls referenced in Plaintiff's Amended Complaint were intended for Plaintiff.

### RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

The Amended Complaint does not describe the events and claims therein alleged with sufficient particularity to permit Quest to determine which defenses may exist to such events and claims. Quest therefore reserves the right to assert all defenses that may pertain to the Amended Complaint once the precise nature of such events is ascertained.


                                              **GREENBERG TRAURIG, LLP**

Dated:  June 16, 2025                        */s/ Brian T. Feeney*
                                              Brian T. Feeney, Esq.
                                              1717 Arch Street, Suite 400
                                              Philadelphia, PA 19103
                                              215.988.7812
                                              brian.feeney@gtlaw.com

                                              *Attorney for Defendant Quest Health*
                                              *Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I, Brian T. Feeney, hereby certify that on this 16 day of June, 2025, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses to be served on all counsel of record via the Court's electronic filing system.


*/s/ Brian T. Feeney*
Brian T. Feeney, Esq.