IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br><br>QUEST HEALTH SOLUTIONS, LLC<br><br>AND<br><br>HAPPY QUOTE LLC<br><br>                      Defendants. | Case No.<br>2:24-cv-05478-GAW |

## **ORDER**

**AND NOW** this 16th day of June, 2025 upon consideration of Plaintiff's Motion for Leave to Serve a Third Party Subpoena for IP Address information (DKT. 38) and having no objection filed thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED as follows:

1. Plaintiff, through his counsel, may serve Verizon a Rule 45 subpoena commanding them to provide Plaintiff documents reflecting the true name, address, contact telephone number, and e-mail address for the subscriber assigned the IP address 100.14.129.8 on October 2, 2024 at 20:19 Coordinated Universal Time (UTC).

1

2. Verizon is further ordered to refrain from destroying information responsive to the subpoena or documents and records pertaining to IP address 100.14.129.8 as soon as a copy of this Court Order, and subpoena, is duly served upon the registered agent for Verizon. This paragraph shall serve as an order under the provisions of 47 U.S.C. § 551(e), pertaining to destruction of information by cable providers. This order shall remain in effect until the termination of the litigation or further order of the Court.

3. Verizon shall comply with statutory customer notification provisions prior to making disclosure responsive to the Subpoena to the Plaintiff, including by providing its customer 14 days to object to the disclosure of information sought by seeking to quash the subpoena.

4. Plaintiff may use the information disclosed in response to this subpoena for the sole purposes of litigation and enforcing her TCPA claims, as more fully set forth in her complaint, and not for any other improper purpose, such as to harass the person or entity identified in the response.

BY THE COURT:

_____
Gail A. Weilheimer,   J.