## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JESSICA MURCH, individually and on
behalf of all others similarly situated,

               Plaintiff,

    v.

QUEST HEALTH SOLUTIONS, LLC,

AND

HAPPY QUOTE LLC,

               Defendants.

Case No.
2:24-cv-05478-GAW

## AGREED PROTECTIVE ORDER

This Matter having come before the Court on the Parties' Joint Motion for Entry of Agreed Protective Order, the Court being fully advised in the premises, and having considered the factors set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and *In re Avandia Mktg., Sales Practices & Prod. Liab. Litg.*, 924 F.3d 662 (3d Cir. 2019)[1], and being satisfied that good cause has been demonstrated, IT IS HEREBY ORDERED AS FOLLOWS:

1.      This Agreed Protective Order shall bind and inure to the benefit of each party to

---

[1] In *Pansy* and *Avandia*, the Court identified the following non-mandatory, non-exhaustive factors to be considered when determining whether good cause exists for the entry of a protective order: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Avandia* at 671.

this litigation (a "Party") and any third-parties who indicate in writing, or by making a statement on the record in a deposition, that such third-party consents to be bound by or seeks the benefits of this Agreed Protective Order (a "Consenting Third Party").

2.    Any person or entity (including a Party and a Consenting Third Party) required to produce documents or to disclose information in discovery in the above-captioned case (the "Producing Person") may designate as "Confidential" any discovery material that the Producing Person believes in good faith contains or reflects (1) confidential technical, commercial, competitive, financial, personal or business information including, but not limited to, social security numbers, credit information, personnel records or other personal or financial information of the Producing Person or of third parties; (2) client, customer or shareholder account information; (3) proprietary commercial or business information including, but not limited to, client, customer or shareholder names and client, customer or shareholder lists, proprietary business procedures or policies, financial records and statements, trade secret information, other non-public research or development information, or similar business information; or (4) any other information subject to a legally protected right to privacy.

3.    A Producing Person may designate information as "Confidential" as follows:

(a)    With respect to any document (including computerized matter, writing, photographs, drawings, or other graphic matter) produced, counsel for the Producing Person shall designate such confidential documents by affixing to such documents, and each copy thereof, the legend "Confidential."  With respect to multi-page hard copy documents which contain Confidential Information, the designation may be made by marking only the first page thereof "Confidential" so long as such multi-page documents are securely bound.

(b)    With respect to any electronic document produced in native file format, counsel for the Producing Person shall designate such confidential document by (1) naming such file with a number consistent with the numbering scheme used by that Producing Person for production of paper or image documents except that the numbering scheme for Confidential files shat be prepended with "CONF_"; (2) producing a slip sheet bearing the number corresponding to the name of the file, which sheet shall state "DOCUMENT PRODUCED IN NATIVE FILE FORMAT" and shall bear the legend "Confidential"; and (3) labeling any disk or other electronic medium on which such file is contained as "Confidential."

(c)    With respect to answers to written interrogatories or responses to requests for admission, counsel for the party claiming confidentiality shall designate such answers or responses as "Confidential" by stating the confidentiality designation within the caption and on each page thereof deemed to contain "Confidential" information.

(d)    With respect to answers in deposition and deposition exhibits, counsel for the party claiming confidentiality shall designate such answers or exhibits as "Confidential" orally at the deposition by stating the confidentiality designation on the record, or by doing so within 21 days after receipt of the transcript (during which time the entire transcript shall be treated as Confidential).  The transcript of the answers of a deponent or witness or deposition exhibits designated "Confidential" shall be segregated from the remainder of the transcript of his or her testimony.  If the designated material cannot be conveniently segregated, a party may designate an entire transcript as "Confidential."

4.    Subject to paragraphs 5, 6, 8 and 11 of this Protective Order, "Confidential Information" may be disclosed or made available only to the "qualified persons" designated below:

(a)    All attorneys appearing herein and employees of their respective firms,

provided that access is given only for the purpose of the prosecution or defense of this litigation;

(b)    A party, or an officer, director, employee or agent of a party, deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(c)    The Court, Court personnel, and any certified court reporter transcribing any deposition, trial testimony or other proceedings in the above-captioned case;

(d)    Outside experts, consultants or other professionals, retained or consulted by any party for the purpose of the prosecution or defense of this litigation, who have read a copy of this Agreed Protective Order and have signed a copy of the Agreement to be bound hereby ("Agreement") attached as Exhibit A hereto; provided, however, that information designated as "Confidential" may not be disclosed or made available by any person or Party receiving such information to any outside expert, consultant or other professional if such outside expert, consultant or other professional is, or is employed by, a person or entity in competition with a Party to the above-captioned case, unless such Party consents following disclosure of such outside expert, consultant or other professional;

(e)    Outside copy services solely for the purpose of reproducing such documents or information for the purposes set forth herein;

(f)    Witnesses in any deposition or testimonial Court proceeding if the witness produced or otherwise has knowledge of the contents of the material, if the witness has signed a copy of the Agreement, or upon the consent of the Producing Person, by its counsel; and

(g)    Other persons granted access to specified "Confidential Information" by the Producing Person or its counsel, or by further Order of the Court, provided that in either such case the person shall not be deemed a qualified person until he or she has read a copy of this Agreed Protective Order and has signed the Agreement attached as Exhibit A hereto.

5.      Information designated as "Confidential" pursuant to paragraph 2 of this Protective Order may be disclosed or shown only to those persons listed in, and as limited by, paragraph 4 above, unless prior written consent of the Producing Person or its counsel is obtained, or upon further Order of the Court.

6.      All persons to whom Confidential Information is disclosed shall treat that information as confidential and shall store such confidential information in a secure place, taking reasonable precautions to prevent unauthorized disclosure of said documents.  Confidential Information may be reproduced only at the direction of counsel and then only as necessary for the purposes of the above-captioned case, it being understood that no copies shall be given to any person not having access to Confidential Information as provided in this Agreed Protective Order. Any copies, notes or other memorialization made of Confidential Information shall be subject to the confidentiality provisions of this Agreed Protective Order.

7.      A Party or other person objecting to the designation of Confidential Information shall provide written notice of the objection to the Producing Person, specifying the materials subject to the objection.  Within seven days after such an objection is made, the Producing Person and the Party or other person posing the objection (as well as any other objecting person(s)) shall confer in good faith in an effort to resolve the objections.  If such conference does not resolve the objection or does not take place within seven days, the objecting party may apply to the Court, by motion, for a ruling that material designated Confidential Information shall not be treated as such. After such motion is filed, the challenged designation shall remain in effect until changed by order of the Court or agreement of the Producing Person.  Failure of the objecting Party or other person to apply for a ruling within seven days after such conference or within seven days after expiration of the time period for the conference to occur shall waive the objection as to such designation

unless the time to apply for a ruling is extended by mutual consent of the Parties.

8.      Nothing herein shall restrict the right of a Party or Consenting Third-Party producing and designating information as "Confidential" to itself disclose that information to whomever it wishes or otherwise use that information as it sees fit.

9.      Should any document or information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive such information under this Order, then the disclosing person or Party shall use its best efforts to bind such unauthorized person to the terms of this Order.  Specifically, the disclosing person or Party shall: (a) promptly inform such unauthorized person of all the provisions of the Order; (b) request such unauthorized person to sign the attached Agreement; and (c) promptly advise the Producing Party of the identity of the unauthorized person to whom Confidential Information was disclosed and of the specific Confidential Information disclosed to such person.

10.     Except as otherwise provided in paragraph 8 of this Order, Confidential Information shall be used only for the purpose of prosecuting or defending the above-captioned case (including any appeals) and not for any other litigation or purpose whatsoever.

11.     Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing in open Court, provided that the proponent of the evidence gives advance notice to counsel for the Producing Person.  Any Producing Person may move the Court for an order that the evidence be received in camera or under conditions to prevent unnecessary public disclosure.  Nothing in this Agreed Protective Order shall operate as an admission by any Party that any Confidential Information is or is not admissible in evidence in these proceedings.  This Agreed Protective Order does not require or permit any party to file Confidential Information under seal.  Any Party seeking to file Confidential Information under

seal with the Court must first seek leave from the Court to do so.

12.     Failure to designate any documents or information in accordance with this Agreed Protective Order shall not preclude a Party or Consenting Third-Party from filing a motion to designate such documents or information as "Confidential."  The entry of this Agreed Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to a request for discovery, nor shall it relieve any Party or other person of any obligation to produce information in the course of discovery.

13.     In the event any Party or Consenting Third-Party having possession, custody or control of any information which has been produced and designated "Confidential" by another Party or by a Consenting Third-Party hereafter receives a subpoena or other process or order to produce such information in a civil action other than the above-captioned case, such Party or Consenting Third-Party shall promptly notify the attorneys of record for the Producing Person, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the Producing Person.  The Producing Person seeking confidential treatment shall have the burden of defending against such subpoena, process or order.  If the Producing Person files a motion seeking an order quashing or modifying such subpoena, process, or order, the Party or Consenting Third Party shall not produce any Confidential Information until such time as the issue is resolved or a court order requiring production has been entered.  The Party or Consenting Third Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent that the Producing Person seeking confidential treatment is successful in obtaining an order modifying or quashing it or an agreement limiting the production of Confidential Information is reached between the Producing Person and the person or entity that issued the subpoena or other process or obtained the order to

produce such information.

14.    Federal Rule of Evidence 502(d) shall govern all documents Produced

(a)    The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b)    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(c)    No Waiver by Disclosure. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(d)    Voluntary and Subject Matter Waiver. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

(e)    Rule 502(b)(2). The provisions of Federal Rule of Evidence 502(b)(2) are

inapplicable to the production of Protected Information under this Order.

15.     Within sixty (60) days after the conclusion of this litigation (including any appeals), all Confidential Information and all documents containing or reflecting Confidential Information in the possession of a Party, counsel, experts and any other person to whom Confidential Information has been disclosed shall be returned to the Producing Person or destroyed.  Upon written request, the recipient of Confidential Information shall deliver to the Producing Person a certificate confirming that all such documents and information have been returned or destroyed and describing the manner of destruction.

16.     This Agreed Protective Order is without prejudice to the right of any Party to seek relief from or modification of any provision contained herein by motion to the Court.

17.     No Party shall be deemed, by treating documents or information as Confidential Information in accordance with this Agreed Protective Order, to have conceded that the information actually is Confidential Information within the meaning of this Agreed Protective Order.

18.     Except as specifically provided herein, nothing herein shall affect any Party's legal obligations in the event any Party files a motion disputing the designation of any documents or information as "Confidential."

19.     This Agreed Protective Order shall be effective when signed by counsel for Plaintiff and counsel for Defendant and entered by the Court.

20.     Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney client privilege, the attorney work product doctrine, or any other privilege or immunity from discovery.

**So Ordered.**

Dated:

_____
Honorable Gail A. Weilheimer

## EXHIBIT A

## Agreement to be Bound by Protective Order

The Undersigned hereby acknowledges that he/she has reviewed the Agreed Protective Order (the "Order") dated _____, 2025, entered by the United States District Court for the Eastern District of Pennsylvania, in the action entitled *Murch v. Quest Health Solutions, LLC,* Case No. 24-cv-5478; that he/she understands the terms thereof; and that he/she agrees to be bound and to abide by such terms. The undersigned hereby further acknowledges that the United States District Court for the Eastern District of Pennsylvania, has subject matter jurisdiction over any matters concerning the Order including, but not limited to, matters pertaining to the enforcement and violations of the Order. The undersigned submits to the personal jurisdiction of the United States District Court for the Eastern District of Pennsylvania, with respect to any and all matters concerning the Order.


_____          _____
Signature                                                            Date


_____
Title