IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH<br>Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO.: 2:24-CV-05478-GAW<br>: |
| QUEST HEALTH SOLUTIONS, LLC, AND<br>HAPPY QUOTE, LLC<br>Defendants. | :<br>:<br>:<br>: |

## JOINT REPORT OF RULE 26(f) MEETING AND PROPOSED DISCOVERY PLAN

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's policies and procedures, counsel for the parties conferred and hereby submit the following Report of their meeting for the Court's consideration:

a) Required Disclosures.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

1. **Hamza Riaz**
hamza.riaz@happyquote.io
760.429.9001
117 South Lexington Street, Harrisonville, MO, 64701 (registered LLC address)

2. **Hassan Sheraz**
Errands Solution, Spring North, Hub Commercial.Bahri, Rawalpindi, Pakistan
Hassan@errandsservices.com
(t) 0333-66666668

(ii) Happy Quote attaches the subcontractor agreement with their vendor who placed the call(s) subject to this action; they continue to investigate actual calling data showing date and time of call(s) and agrees to subpoena Verizon Wireless who was the cellphone provided for Murch to determine date, time and location of Murch when subject call(s) took place. Defendant Happy Quote continues to investigate calling data with subcontractor (Errand Solution) both Happy Quote and Errands Services house, store and maintain electronic data in Pakistan related to the calling records subject to this matter.

(iii) based upon limited information Answering Defendant is unable to do a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) there are no responsive policies of insurance as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment

## FACTUAL SUMMARY FOR DEFENDANT, HAPPY QUOTE LLC'S

The civil action Complaint filed by Plaintiff Jessica Murch seeks damages against defendants predicated upon purported violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

The Plaintiff avers that she received a total of two (2) phone calls allegedly made to Plaintiff on September 25, 2024, and October 2, 2024, seeking certain medical (diabetic) benefits to Plaintiff via Medicare. Plaintiff avers in her Complaint that Defendant Happy Quote, LLC ("Happy

Quote"), a Missouri registered limited liability company (with primary operations in Pakistan) placed the calls.

Plaintiff's theory that Happy Quote acted as Quest's agent is plainly wrong as demonstrated in the Lead Agreement setting forth the scope of the lead generation agreement between the Defendants. Moreover, Happy Quote subcontracted this specific lead generated to a third-party as will be demonstrated through discovery. Happy Quote, LLC does not dispute that defendant Quest Health Solutions, LLC ("Quest") did not initiate or otherwise place either one of the two (2) phone calls that are the subject of this matter. Happy Quote does not believe that the Plaintiff was on the phone calls or if she was, she purposefully used false information to mislead and to create fake lead generation by deception.

Happy Quote avers and believes that Murch lives in Oregon, is a subscriber of other Oregon area code phone numbers, and only seeks jurisdiction in the district predicated upon her having a local Pennsylvania calling area code for one of the many phone numbers she owns bringing high doubt to whether jurisdiction is accurate or valid in this action since Happy Quote avers that Plaintiff's claims do not arise from or relate to any conduct specifically derived from or otherwise related in any manner to this District or in the Commonwealth of Pennsylvania. Happy Quote, LLC is a Missouri registered LLC with their primary offices in Pakistan and with absolutely no contact, conduct, or relation in any manner to the Commonwealth of Pennsylvania or this District. Happy Quote will produce in discovery additional information regarding the specific related calling data and records from third party vendor of theirs who originated the subject call(s) that this matter is predicated upon as they complete further investigation. Lastly, Happy Quote avers and believes that a Verizon Subpoena to disclose the subscriber / ownership history for the past 4 years and location of subscriber of 2156168900 at the time of the

2 calls I.e. September 25, 2024, and October 2, 2024 would verify if in fact plaintiff was the person on the call and if jurisdiction is accurate or valid in this action given plaintiff's choice of jurisdiction was primarily based on *"The Court has specific personal jurisdiction over Defendant because it directed its conduct into Pennsylvania by calling individuals associated with Pennsylvania, including those, like Plaintiff, possessing 215- area code numbers, which area associated with this District"* and *"Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims-namely, the illegal telemarketing at issue was sent into this District." Happy Quote objects to jurisdiction of this action in this Court based upon only the subject call(s) being made to a (215) area code and upon information and belief the Plaintiff was living in and located at all salient and relevant times in Oregon.*

Defendant, Happy Quote, requests the right to do early discovery limited to ascertaining (via subpoenas to Verizon Wireless) the salient call data for jurisdictional purposes such that they may seek reconsideration of a Motion to Dismiss predicated upon the seminal jurisdictional issue. Happy Quote believes that facts exist (like Plaintiff's consent to receive calls) and will be revealed in discovery that present uniquely individualized issues existing that preclude certification of a class pursuant to Rule 23. Since individual issues seemingly outweigh common ones, the feasibility of a class action is not appropriate.

                                    Respectfully submitted,

                                    MARK THOMAS SOPHOCLES, LLC

By: _____
      Mark T. Sophocles, Esquire
      For Defendant Happy Quote, LLC