IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST HEALTH SOLUTIONS, LLC<br><br>AND<br><br>HAPPY QUOTE LLC<br><br>Defendants. | Case No.<br>2:24-cv-05478-GAW |

**PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF MOTION TO TRANSFER**

**INTRODUCTION**

Plaintiff, with the consent of Defendant Quest Health Solutions, brings this partially consented-to motion to transfer venue to the United States District Court for the Southern District of Florida, where Defendant Quest Health is located. Defendant Happy Quote LLC, despite being the party that sought such transfer at the Parties' Rule 26(f) conference as an initial matter, now appears to have changed its position, as attached herein as Exhibit A. This is surprising because it was Defendant Happy Quote that raised venue issues as an initial matter.

In light of its ruling on Defendant Quest Health's motion to dismiss, the Court granted a limited bifurcation of discovery to permit the parties to seek discovery into personal jurisdiction and venue. In the interim time, the parties have conferred, and both Plaintiff and Quest Health Solutions are amenable to transferring this matter to the United States District Court for the

1

Southern District of Florida, where Defendant Quest Health is located. And, despite being the party who asked for such a transfer in the first place, Defendant Happy Quote now seems not to want to transfer of this action to either Oregon, where it originally wanted to transfer this matter, or to Florida. For the reasons that follow, this partially consented motion should be granted and this case transferred, via the Interdistrict Transfer System, to the United States District Court for the Southern District of Florida.

## LEGAL STANDARD

A district court may, in the interest of justice, "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party (or parties) moving for transfer bears the burden of demonstrating that transfer is proper, particularly giving due regard to the Plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). In *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995), the Third Circuit articulated six private and six public factors that a Court must weigh in determining if transfer is appropriate. They are reproduced below:

| *Jumara* Private Factors | *Jumara* Public Factors |
|---|---|
| Plaintiff's forum preference. | Enforceability of a judgment. |
| Defendant's forum preference. | Practical trial considerations. |
| Where the claim arose. | Administrative difficulty and caseload. |
| Convenience of parties. | Local interests in local controversies. |
| Convenience of witnesses. | Public policies of forum. |
| Location of books and records. | Familiarity with state law. |

In deciding whether to transfer this action, this Court must first examine whether the statutory prerequisite that the transferee court is one in which the action "might have been

2

brought" is satisfied. *Id.* at 879. If it is, as it is here, the Court must then consider the *Jumara* public and private factors to evaluate whether the transfer is in the interests of justice and would serve the convenience of parties and witness. *Id.*

## ARGUMENT

a. **The Jumara private factors counsel in favor transfer.**

Although the burden is on the parties to justify a transfer, and though that burden is "heavy," it bears repeating that *both* Plaintiff and one of the Defendants, Quest Health, have consented to transfer. *York Paper Co. v. Hollinger Int'l, Inc.*, No. CIV.A. 03-CV-687, 2003 WL 21295001, at *1 (E.D. Pa. Apr. 22, 2003). The other Defendant, Happy Quote, despite being the party that asked for transfer in the first place now appears desirous of withholding consent to the transfer. But there is no reason why transfer would be inappropriate here. The transfer would moot Quest Health's objections as to personal jurisdiction, since Quest is subject to general personal jurisdiction in Florida, and the contract entered into with Happy Quote is governed by Florida law and was negotiated in Florida.

The plaintiff's (and Defendant Quest Health's consented) choice of venue is "a paramount consideration," afforded less weight only if he selects a forum which is neither his home nor the location of the occurrence upon which the suit is based. *National Paintball Supply, Inc. v. Cossio*, 996 F. Supp 459, 462 (E.D. Pa. 1998). Here, the proposed transfer venue is a location of occurrence where the suit is based, as Defendant Quest Health's services were promoted on the call, Quest Health is a Florida company, and contracted with Happy Quote for the provision of its services from its headquarters in Florida. The Plaintiff has already consented to the choice of venue, as has Defendant Quest Health. And, importantly, a transfer would resolve the venue-based challenges of Defendant Quest and seemingly would have resolved

Happy Quote's venue challenge, as well, particularly as Happy Quote was the entity who brought up the issue of an allegedly improper venue as an initial matter.

The six *Jumara* private factors govern whether a Court should transfer venue, as outlined above. On balance, those factors favor Plaintiff and Quest Health, not Happy Quote.

The first *Jumara* factor, the Plaintiff's forum preference, tips unquestionably in favor of the Plaintiff, since the Plaintiff consents to the proposed transfer. As the Third Circuit outlined in *Jumara*, the plaintiff's choice of forum is entitled to great weight and will rarely be disturbed. *Jumara*, 55 F.3d at 879. In light of this fact, this Court must engage in a careful fact-specific inquiry that considers whether the litigation in the plaintiff's proposed forum would be more convenient to the parties and best serve the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Ms. Murch's choice of forum is entitled to considerable weight. And while courts hold that this weight is "diminished" in a class action, it is not eliminated. *See, e.g.*, *Gallagher v. Ocular Therapeutix, Inc.*, No. CV175011SDWLDW, 2017 WL 4882487, at *4 (D.N.J. Oct. 27, 2017) (collecting cases). The analysis turns on how plaintiff and the facts connect to the forum, especially in light of whether the plaintiff is but one member of a class of individuals who all could have filed in their respective districts. *Id.*

And here, neither Plaintiff nor Quest Health contest this controversy's connection with the proposed transferee forum. Try as it might, Happy Quote will not be able to contest the connection with Florida either, particularly given that it has knowingly done business with a Florida company and engaged in negotiations for the same with its Florida employees. The majority of the evidence as to the class claims is likely to be located at Quest Health's headquarters in Florida, although most records will likely also be in electronic form, as well.

And, as such, the location of the class members', their evidence, and their claims is not "mere happenstance." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996).

And although the complementary *Jumara* factor, the Defendant's forum preference, will almost always tip in favor of the Defendant, Defendant Happy Quote has not shown that Plaintiff or Quest Health's forum preferences are unreasonable. Other that a handful of witnesses and electronic documents that may be maintained in other states, it points to no other reasons why Florida would not have an interest in this dispute. *See Virag, S.R.L. v. Sony Computer Ent. Am. LLC*, No. CIV. 14-4786 KM, 2015 WL 1469745, at *6 (D.N.J. Mar. 30, 2015) (holding that because that marketing activities occurred in California, this factor tipped in favor of transfer).

At least two of the *Jumara* private preference factors counsel in favor of transfer. The others do, as well. Although the claim may have arisen in Pennsylvania, where the Plaintiff's telephone number area code is located, and using a Pennsylvania spoofed caller ID, the claim here also centers upon the degrees of liability as between Quest and Happy. "The third private factor . . . may be best understood as a consideration of which forum constitutes the 'center of gravity' of the dispute, its events, and transactions." *Travelodge Hotels, Inc. v. Perry Developers, Inc.*, No. 11–1464, 2011 WL 5869602, at *5 (D.N.J. Nov. 22, 2011). And *that* relationship was negotiated from Quest's Florida headquarters and governed by Florida law. So too with the convenience of the parties and witnesses. The parties are in discussion to conduct depositions by Zoom, and the convenience is, at best, neutral. But even so, at an eventual trial, any of Quest's witnesses would be closer in Florida than in Pennsylvania. So too with Happy's witnesses, who are located in both Missouri and overseas in Pakistan. And similarly, the location of books and records are liable, especially those critical records related to the Happy-Quest relationship, are

5

liable to be located, if not in electronic form, in Florida. Furthermore, the *Jumara* convenience factors may be somewhat diminished in a class action, rendering these factors, at best, neutral.

On balance, because the *Jumara* private factors weigh in favor of the partially consented transfer.

### b. The *Jumara* public factors favor transfer.

The *Jumara* public interest factors also favor transfer, including practical considerations, administrative difficulties, and public policy, all favor transfer.

The first *Jumara* public factor, that of the enforceability of a judgment, weighs neutrally, since a judgment would be enforceable in either Pennsylvania or Florida. So too with the last *Jumara* public factor, that of familiarity with state law. As this is a federal question case, no questions of state law will be presented, thus causing these two factors to weigh neutrally.

As to the second *Jumara* public factor, practical trial considerations, this factor weighs in favor of transfer. When evaluating this factor, "the district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 48 (3d Cir. 1988). Although the telephone conduct *itself* has a greater locus to Pennsylvania than Florida, the conduct *vis-à-vis* the daily and business relationship between Quest and Happy Quote with respect to that conduct has a greater connection to Florida than Pennsylvania, which has no connection to the business relationship between the two parties.

Administrative difficulties and caseload also weigh neutrally to slightly against transfer.

According to the Administrative Office of the United States Courts, the Southern District of Florida has 475 civil actions per judgeship, as compared with this Court's somewhat smaller 375. *Comparison of Districts*, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, June 30,

2024, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2024.pdf. And the average time from filing to disposition and trial are 24.3 months as compared to 27.1, actually making the disposition time *faster* than Pennsylvania.

The fourth and fifth *Jumara* public factors also weigh neutrally. These factors are intertwined with the private interest factor of where the claim arose. *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 592 (D.N.J. 2001). As explained above, parts of the claim arose in Pennsylvania, others in Florida. Moreover, there are liable to be class members in all states, as the Plaintiff alleges a nationalized scheme of telemarketing conduct. And although the Eastern District of Pennsylvania, enjoys a substantial public policy in giving a forum for individuals like Ms. Murch aggrieved by the receipt of illegal telemarketing a forum to air their grievances and seek justice, the Southern District of Florida will still give a forum for *its own* residents in this class action dispute. Indeed, Quest Health's own home turf arguably also has an interest in overseeing such disputes over illegal activity committed within its borders.

Being that the *Jumara* public factors also counsel for transfer, the motion ought to be granted.

## CONCLUSION

For the reasons above, the Court should grant this motion and transfer the case to the United States District Court for the Southern District of Florida.

Dated: August 20, 2025

                              PLAINTIFF, individually and
                              on behalf of others similarly situated,

                              */s/ Andrew Roman Perrong*
                              Andrew Roman Perrong, Esq.

PA Bar #333687  
Perrong Law LLC  
2657 Mount Carmel Avenue  
Glenside, Pennsylvania 19038  
Phone: 215-225-5529 (CALL-LAW)  
Facsimile: 888-329-0305  
a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I served the above response on counsel for the Defendants through the CM/ECF system.

Dated: August 20, 2025

*/s/ Andrew Roman Perrong*  
Andrew Roman Perrong, Esq.  
PA Bar #333687  
Perrong Law LLC  
2657 Mount Carmel Avenue  
Glenside, Pennsylvania 19038  
Phone: 215-225-5529 (CALL-LAW)  
Facsimile: 888-329-0305  
a@perronglaw.com