

**Andrew Perrong <a@perronglaw.com>**

---

## Murch v. Quest

**Brian.Feeney@gtlaw.com** <Brian.Feeney@gtlaw.com>  | Tue, Aug 12, 2025 at 7:33 AM
To: a@perronglaw.com, mark@sophocleslaw.com
Cc: anthony@paronichlaw.com

Following up on our conversation last week, my client Quest will agree to transfer of the case the Southern District of Florida, but not to the District of Oregon. If this is agreeable to all parties, we can prepare a stipulated order for the judge to sign.

Brian

[Quoted text hidden]



Andrew Perrong <a@perronglaw.com>

## Murch v. Quest

**Andrew Perrong** <a@perronglaw.com>  Tue, Aug 12, 2025 at 8:31 AM
To: Brian.Feeney@gtlaw.com
Cc: mark@sophocleslaw.com, anthony@paronichlaw.com

If this is acceptable to Mr. Sophocles as well, I think we can make a joint request. Typically in these stipulations, the parties agree to conduct depositions remotely. Please let me know if this is acceptable..

[Quoted text hidden]



**Andrew Perrong <a@perronglaw.com>**

## Murch v. Quest

**Mark Sophocles Esq.** <mark@sophocleslaw.com>    Tue, Aug 12, 2025 at 8:35 AM
To: Andrew Perrong <a@perronglaw.com>
Cc: Brian.Feeney@gtlaw.com, anthony@paronichlaw.com

I have not been able to discuss this with my client but they wanted to dispose of this case in PA the last time I discussed this topic. They definitely did not agree to Oregon- but I am not sure about Florida.  I will try to get an answer ASAP.
[Quoted text hidden]



Andrew Perrong <a@perronglaw.com>

## Murch v. Quest

**Andrew Perrong** <a@perronglaw.com>  Tue, Aug 12, 2025 at 8:38 AM
To: "Mark Sophocles Esq." <mark@sophocleslaw.com>
Cc: Brian.Feeney@gtlaw.com, anthony@paronichlaw.com

Mark,

Understood, but it was my understanding that it was you and your client that brought up venue as an initial matter. And I should also clarify: on the depositions, I should have said *locally*, not remotely: that is, the depositions will be taken at the deponent's location.

On Tue, Aug 12, 2025 at 8:35 AM Mark Sophocles Esq. <mark@sophocleslaw.com> wrote:
> I have not been able to discuss this with my client but they wanted to dispose of this case in PA the last time I discussed this topic. They definitely did not agree to Oregon- but I am not sure about Florida.  I will try to get an answer ASAP.
>
>> On Tue, Aug 12, 2025 at 11:31 AM Andrew Perrong <a@perronglaw.com> wrote:
>> If this is acceptable to Mr. Sophocles as well, I think we can make a joint request. Typically in these stipulations, the parties agree to conduct depositions remotely. Please let me know if this is acceptable..
>>
>> [Quoted text hidden]



**Andrew Perrong** <a@perronglaw.com>

## Murch v. Quest

**Andrew Perrong** <a@perronglaw.com>  Thu, Aug 14, 2025 at 2:40 PM
To: "Mark Sophocles Esq." <mark@sophocleslaw.com>
Cc: Brian.Feeney@gtlaw.com, anthony@paronichlaw.com

Following up here to get your position. I plan to circulate a draft motion by Monday and note it will be opposed by Happy Quote unless I hear otherwise.

> On Tue, Aug 12, 2025 at 8:38 AM Andrew Perrong <a@perronglaw.com> wrote:
>
> Mark,
>
> Understood, but it was my understanding that it was you and your client that brought up venue as an initial matter. And I should also clarify: on the depositions, I should have said *locally*, not remotely: that is, the depositions will be taken at the deponent's location.
>
> [Quoted text hidden]



**Andrew Perrong <a@perronglaw.com>**

## Murch v. Quest

**Mark Sophocles Esq.** <mark@sophocleslaw.com>  Fri, Aug 15, 2025 at 8:47 AM
To: Andrew Perrong <a@perronglaw.com>
Cc: Brian.Feeney@gtlaw.com, anthony@paronichlaw.com

My client is considering transfer to Florida but said ███████████████████████████ re: settlement. Oregon is not agreeable - we cand address both of these issues after Brian returns.
Good luck and congrats to Brian!

[Quoted text hidden]