## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JESSICA MURCH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUEST HEALTH SOLUTIONS, LLC, *et al.*,<br><br>Defendants. | Case No. 24-cv-05478-GAW |

## DEFENDANT QUEST HEALTH SOLUTIONS, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER

Defendant Quest Health Solutions, LLC ("Quest") submits this response to Plaintiff Jessica Murch's ("Ms. Murch" or "Plaintiff") motion to transfer venue to the United States District Court for the Southern District of Florida filed at ECF No. 56 ("Motion to Transfer").

While Quest consents to transfer, it does so because it is not subject to personal jurisdiction in Pennsylvania. Under 28 U.S.C. § 1631, a United States District Court lacking personal jurisdiction "shall, if it is in the interest of justice, transfer" such action to another court where jurisdiction is not wanting. *Chavez v. Dole Food Co., Inc*., 836 F.3d 205, 224 (3d Cir. 2016) (where personal jurisdiction is lacking, district court is under "a statutory obligation to transfer the claims against that defendant to another district court where jurisdiction would be present") (quoting 28 U.S.C. § 1631). Accordingly, Quest consents to transfer of this action to the United States District Court for the Southern District of Florida, without waiver of any rights or claims.

## I.    **BACKGROUND**

On February 16, 2025, Quest moved to dismiss this action under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.[1]  ECF No. 19.  Although Plaintiff conceded that this Court lacked general personal jurisdiction over Quest, a Florida-based limited liability company, ECF No. 25 at 8, she opposed the motion, asserting that Quest is subject to specific personal jurisdiction in Pennsylvania.  Plaintiff argued that this Court could exercise specific personal jurisdiction because the alleged phone calls to her 215 area code phone number caused her to "suffer[] an injury in Pennsylvania arising out of a tort committed in Pennsylvania."  *Id.* at 11.  Plaintiff further asserted that Quest was subject to personal jurisdiction in Pennsylvania because an "injury" occurs in a state with a particular area code "when a call is received there."  *Id.*  Plaintiff also submitted a declaration under penalty of perjury in which she stated: "Without any prompting, during the call … the first human Quest Health employee … asked me if I was from Pennsylvania and had trouble hearing me so asked me again to confirm what state I was in."  ECF No. 25-2 ¶ 13 ("Murch Decl.").  Plaintiff relied heavily on this supposed fact in opposing dismissal for lack of personal jurisdiction.  ECF No. 25 at 12 (arguing Quest directed conduct into Pennsylvania "*by the Defendant's own agent asking if the Plaintiff was in Pennsylvania*") (emphasis in original); *id.* at 14 ("Quest Health apparently actually knew of the Pennsylvania connection by *the very own questions* its employees asked on the calls.") (emphasis in original).

This Court denied Quest's motion to dismiss without prejudice.  ECF No. 39.  Later, this Court determined that discovery and possible additional briefing concerning personal jurisdiction and venue were warranted.  ECF No. 52. The facts that have emerged since the Court's ruling on

---

[1] Quest also moved to dismiss under Rule 12(b)(6).

the motion to dismiss show that this action should never have been brought in this Court because there was never any factual basis to claim that Quest was subject to personal jurisdiction here.

## II.    DISCUSSION

First, Plaintiff did not suffer any alleged "injury in Pennsylvania," ECF 25 at 11, and she did not receive the phone calls at issue in Pennsylvania.  Plaintiff is a resident of Oregon, not Pennsylvania.  In her own interrogatory responses, Ms. Murch offers that she "may possibly move" to Pennsylvania, but she admits does not live in Pennsylvania and did not live there on the dates of the phone calls at issue.  *See* Exhibit A, Murch Interrogatory Responses, Answers 10 and 14. In the last 10 months, she has filed six other federal lawsuits under the Telephone Consumer Protection Act, and in each case, she alleged that she resides in Oregon.[2]  (Her complaint in this action states only that she "is an individual" without disclosing where she resides. ECF 9 ¶ 5.) In her other lawsuits, Ms. Murch alleges that she has a phone number with an area code associated with Oregon.[3]  The phone records Quest received in discovery connect Plaintiff's 215 phone number to an Oregon billing address and show that she secured the cellular plan for that number in July 2024, only 2-3 months before the calls at issue in her complaint.  *See* Exhibit B, AT&T Wireless Subscriber Information.  Most importantly, the phone records also show that Ms. Murch

---

[2] Ms. Murch filed six other federal cases under the Telephone Consumer Protection Act ("TCPA") between November 7, 2024 and June 17, 2025.  In each of these complaints, Ms. Murch includes the following allegation: "Plaintiff Jessica Murch is an individual residing in Clackamas County[,]" which is in Oregon. *See Murch v. GPS Capital Markets, LLC*, Case No. 3:24-cv-01854-SB, ECF No. 1 ¶ 4 (D. Or.); *Murch v. Sell My House Now LLC*, No. 3:24-cv-02149-HZ, ECF No. 1 ¶ 4 (D. Or.); *Murch v. Keystone Remodeling, Inc*., No. 3:25-cv-00064-JR, ECF No. 1 ¶ 4 (D. Or.); *Murch v. Hawkins Inv. Strategy LLC*, No. 2:25-cv-01976-DCN, ECF No. 1 ¶ 4 (D.S.C.); *Murch v. Compass Wash., LLC*, No. 3:25-cv-01039-SB, ECF No. 1 ¶ 4 (D. Or.); *Murch v. Blue Pac. RE Inc*., No. 3:25-cv-00334-JR, ECF No. 1 ¶ 4 (D. Or.).
[3] In the other TCPA actions, *supra* n. 2, Ms. Murch asserts in each complaint that "Plaintiff's telephone number, (503) XXX-XXXX, is a residential, noncommercial telephone number." *See Murch v. GPS Capital Markets, LLC*, No. 3:24-cv-01854-SB, ECF No. 1 ¶ 15 (D. Or.); *Murch v. Sell My House Now LLC*, No. 3:24-cv-02149-HZ, ECF No. 1 ¶ 15 (D. Or.); *Murch v. Keystone Remodeling, Inc.*, No. 3:25-cv-00064-JR, ECF No. 1 ¶ 15 (D. Or.);  *Murch v. Hawkins Investment Strategy LLC*, No. 2:25-cv-01976-DCN, ECF No. 1 ¶ 15 (D.S.C.); *Murch v. Compass Washington, LLC*, No. 3:25-cv-01039-SB, ECF No. 1 ¶ 16 (D. Or.); *Murch v. Blue Pacific Re Inc.*, No. 3:25-cv-00334-JR, ECF No. 1 ¶ 15 (D. Or.).

was not in Pennsylvania on either of the dates of the calls at issue in her Complaint.  *See* Exhibit C, AT&T Mobility (with cell location).  Instead, on September 25, 2024, Ms. Murch was in Oregon and then Minnesota, *id.* at 456-464,[4] and on October 2, 2024, Ms. Murch was in Oregon, *id*. at 513-520.[5]

Second, contrary to Ms. Murch assertion in her brief and declaration, the representative's question regarding whether she lived in Pennsylvania was not "without any prompting."  Instead, the representative asked Plaintiff for her zip code, and Plaintiff provided the representative a Pennsylvania zip code, even though she resides in Oregon.  ECF No. 31-1 ¶ 7 ("Sullivan Decl.").  Only after Plaintiff falsely told the representative she had a Pennsylvania zip code did the representative ask her whether she was from Pennsylvania.  *Id*.

Plaintiff's claim that without any prompting, a Quest representative asked her if she was in Pennsylvania was central to her opposition to the motion to dismiss for lack of personal jurisdiction.  She stated multiple times that the agent's questions about Pennsylvania were "without any prompting," and thus supported her argument that the caller purposefully targeted action into Pennsylvania.  ECF No. 25 at 12 (arguing Quest directed conduct into Pennsylvania "*by the Defendant's own agent asking if the Plaintiff was in Pennsylvania*") (emphasis in original); *id*. at 14 ("Quest Health apparently actually knew of the Pennsylvania connection by *the very own*

---

[4] The AT&T Mobility cell location records pertaining to data usage indicate that on September 25, 2024, Plaintiff's location at 12:18 a.m. UTC was latitude 45.5616670, longitude -122.6813890, which is located in Portland, Oregon.  Then, at 17:32 p.m. UTC, her location was latitude 45.5736111, longitude -122.6316667, which is located in or around the Portland, Oregon airport.  Then, at 10:13 p.m. UTC, her location was latitude 44.9532500, longitude -93.027417, which is in Saint Paul, Minnesota.

[5] The AT&T Mobility cell location records pertaining to data usage indicate that on October 2, 2024, Plaintiff's location throughout the entire day was in Portland, Oregon.  At 12:59 a.m. UTC, her location was latitude 45.5616670, longitude -122.6813890, which is the same.  At 6:59 a.m. UTC her location was the same.  At 2:59 p.m. UTC, her location was latitude 45.4677640, longitude -122.6097560, which is in Portland, Oregon.  At 6:09 p.m. UTC, her location was back to latitude 45.5616670, longitude -122.6813890.  At 8:16 p.m. UTC, her location was latitude 45.5320100, longitude -122.6487200, which is in Portland, Oregon.  At 11:09 p.m. UTC, her location was latitude 45.5524600, longitude -122.6782100, which is in Portland, Oregon.

*questions* its employees asked on the calls.") (emphasis in original).  In this way, Plaintiff used the fruit of this false statement to influence the Court's personal jurisdiction analysis improperly.

To show specific personal jurisdiction, "the defendant must have 'purposefully directed [its] activities' at the forum."  *O'Connor v. Sandy Lane Hotel Co*., 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  In addition, "the litigation must 'arise out of or relate to' at least one of those activities."  *Id*. (quoting *Burger King Corp.*, 471 U.S. at 472).  The facts that Quest has learned so far during discovery confirm that there was no conduct directed into Pennsylvania and, thus, no basis in fact for finding specific personal jurisdiction.  Ms. Murch is not and was not a Pennsylvania resident.  She was in her home state of Oregon on the dates of the phone calls at issue.  And the caller did not ask her about Pennsylvania until she falsely claimed she had a Pennsylvania zip code.  For specific jurisdiction to lie, a "defendant's contacts, however, must amount to "a deliberate targeting of the forum."  *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd*., 566 F.3d at 103 (quoting *O'Connor v. Sandy Lane Hotel Co*., 496 F.3d at 317).  Here, the facts that have emerged in discovery show that there was simply no action, deliberate or otherwise, directed into Pennsylvania.[6]

---

[6] Additionally, Quest did not direct action into Pennsylvania because Quest did not make the calls at issue in the Amended Complaint. Plaintiff's theory, that Quest directed action into Pennsylvania by directing Happy Quote to place the calls, is unsupported.  Not only are Happy Quote's actions not imputable to Quest, but also Quest learned that Happy Quote did not make the calls either.  Instead, Happy Quote contracted with a third-party to initiate lead generation calls.  There is no allegation or argument that Quest in any way controlled this third-party company that placed the calls at issue.  This third-party's actions are not imputable to Quest.

### III.    <u>CONCLUSION</u>

Because personal jurisdiction is lacking as to it, Quest consents to transfer of this case under section 1631 to the United States District Court for the Southern District of Florida, [7] where Quest is subject to general jurisdiction, but Quest reserves all rights.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Dated:  September 11, 2025

*/s/ Brian T. Feeney*
Brian T. Feeney, Esq.
Samantha Greenfield, Esq. (*pro hac vice*)
1717 Arch Street, Suite 400
Philadelphia, PA 19103
P:  215.988.7800
Brian.Feeney@gtlaw.com
Samantha.Greenfield@gtlaw.com

Lori Chang, Esq. (*pro hac vice*)
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
P:  310.586.7700
changl@gtlaw.com

*Attorney for Defendant Quest Health Solutions, LLC*

---

[7] In addition to lacking personal jurisdiction, this Court is not a proper venue. Under 28 U.S.C. § 1391(b), venue is proper in a district where (i) any defendant resides, (ii) a substantial part of the events giving rise to the claim occurred, or (iii) if neither of those, then any district "in which any defendant is subject to the court's personal jurisdiction with respect to such action."  Neither defendant resides in this district, and the events giving rise to this action did not occur in this district.  Section 1391(b)(iii) does not apply because Quest resides in the Southern District of Florida and thus venue is proper there under section 1391(b)(i).  Because venue does not lie in this district, this Court also has the authority to transfer this action under 28 U.S.C. § 1406(a).

## CERTIFICATE OF SERVICE

I, Brian T. Feeney, hereby certify that on this 11th day of September, 2025, I caused a true and correct copy of the foregoing Response to Plaintiff's Motion to Transfer to be served on all counsel of record via the Court's electronic filing system.

*/s/ Brian T. Feeney*
Brian T. Feeney, Esq.