# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JESSICA MURCH, individually and on
behalf of all others similarly situated,

                 Plaintiff,

    v.

QUEST HEALTH SOLUTIONS, LLC

AND

HAPPY QUOTE LLC

              Defendants.

Case No.
2:24-cv-05478-GAW

## RESPONSES TO DEFENDANT QUEST HEALTH SOLUTIONS, LLC'S FIRST SET OF DISCOVERY TO PLAINTIFF

Plaintiff, by and through undersigned counsel, submits the following omnibus responses and objections to Quest Health Solutions, LLC's Requests for Production and Interrogatories pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, and the attorney work-product doctrine. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed.

## RESPONSES TO INTERROGATORIES

Interrogatory No. 1: List the name(s) and address(es) (physical and e-mail address) of the person(s) answering and contributing information used in answering these interrogatories.
RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly insofar as it seeks the physical and email address of an individual represented by counsel. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests,

particularly insofar as Plaintiff's maiden name is often used as a security question, which is irrelevant to this case. Notwithstanding the foregoing, the Plaintiff, Jessica Anne Murch (Weingrad), answered these interrogatories with the advice and assistance of her counsel. Plaintiff may be contacted only through counsel.

Interrogatory No. 2: List the name(s) and address(es) (physical address and email address) of any person(s) known by You to have any knowledge of any fact or allegation regarding the Action.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects insofar as this request exceeds the scope of the bifurcated discovery ordered by the Court, which relates only to the jurisdictional and venue allegations, and which are now moot. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff objects in that this interrogatory seeks information more known to, or only known by, the Plaintiff than the Defendant. Plaintiff objects insofar as this information seeks information in the Plaintiff's initial disclosures. Notwithstanding the foregoing, the Plaintiff incorporates by reference herein her initial disclosures. Plaintiff additionally discloses Janes Trower, ███████ ████, Carlisle Village, DE 19904, 302-█████, email███████████.

Interrogatory No. 3: Identify all present and past phone numbers for which You are or were the subscriber or customary user within the last 5 years and state the time periods for which You have been the subscriber or customary user for those numbers.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects in that this interrogatory is impermissibly compound. Plaintiff objects to this request insofar as it seeks information outside the TCPA's four-year statute of limitations. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other phone numbers sought are irrelevant to the calls the Plaintiff received. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests, as well as various privileges, including the attorney client privilege. Notwithstanding the foregoing, and designating the full number as confidential, the Plaintiff has disclosed the telephone number at issue in this case upon entry of an appropriate protective/confidentiality order, which such number is already in Defendant's possession. The Plaintiff first became the subscriber of record and user of the number in July or August of 2024. The Plaintiff remains the current subscriber of record and user of the number.

Interrogatory No. 4: Identify the telephone service provider (e.g., Verizon, AT&T) for the phone number (215) █████ and each of Your phone numbers provided in response to Interrogatory No. 3.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or

contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects in that this interrogatory is impermissibly compound. Plaintiff objects to this request insofar as it seeks information outside the TCPA's four-year statute of limitations. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other phone numbers sought are irrelevant to the calls the Plaintiff received. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests, as well as various privileges, including the attorney client privilege. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects in that this interrogatory discloses the Plaintiff's number at issue, which was designated confidential under the terms of the Court's protective order. Notwithstanding the foregoing, and designating this response and the full number as confidential, the service provider for the subject number is Consumer Cellular.


Interrogatory No. 5: Identify and describe the date(s) on which and circumstances under which You obtained Your cellular wireless service(s) for each of Your phone numbers provided in response to Interrogatory No. 3, including and not limited to the phone number (215) ███ ███

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects in that this interrogatory is impermissibly compound. Plaintiff objects in that the "dates and circumstances" under which the Plaintiff obtained cellular telephone service is vague and confusing and not proportional to the needs of the case. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other phone numbers sought are irrelevant to the calls the Plaintiff received. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests, as well as various privileges, including the attorney client privilege. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects in that this interrogatory discloses the Plaintiff's number at issue, which was designated confidential under the terms of the Court's protective order. Notwithstanding the foregoing, and designating this response and the full number as confidential, the Plaintiff obtained and uses Consumer Cellular telephone service through a Consumer Cellular SIM card and activated the service online in about August of 2024.


Interrogatory No. 6: Identify all instances where You made any objection to, or complaint about, any alleged calls from Happy Quote and the format in which you made those objections or complaints.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. The Plaintiff objects to this request in that it is being propounded

to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue, and insofar as this interrogatory speaks to consent, not venue and jurisdiction, which the Court bifurcated discovery on. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff refuses to further respond because this interrogatory exceeds the scope of discovery permitted by the Court. The discovery sought has nothing to do with personal jurisdiction or venue, which are now moot points. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

Interrogatory No. 7: State Your physical location (e.g., city and state) at the time You received each of the calls You reference in the Amended Complaint.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Notwithstanding the foregoing, and to the best of Plaintiff's recollection, the Plaintiff was physically located in Philadelphia, PA on September 25, 2024 and in Portland, OR on October 2, 2024.

Interrogatory No. 8: Identify what actions You took, if any, to opt-out of receipt of the alleged calls referenced in the Amended Complaint or any calls allegedly placed to You by Happy Quote.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue, and insofar as this interrogatory speaks to consent, not venue and jurisdiction, which the Court bifurcated discovery on. Plaintiff objects to this interrogatory as duplicative of Interrogatory 6. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue. The Plaintiff further notes it is the Defendant's affirmative burden to prove consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's affirmative defense of consent, or that the same is a required element of a TCPA claim. As such, it is not proportional to the needs of the case, nor relevant to any claim or defense. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff refuses to further respond because this interrogatory exceeds the scope of discovery permitted by the Court. The discovery sought has nothing to do with personal jurisdiction or venue, which are now moot points. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

Interrogatory No. 9: Identify each time, and Your physical location at that time, when You requested that Happy Quote or Quest cease placing telephone calls to any of Your telephone numbers.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue, and insofar as this interrogatory speaks to consent, not venue and jurisdiction, which the Court bifurcated discovery on. Plaintiff objects to this interrogatory as duplicative of Interrogatories 6 and 8. Nor is this interrogatory rendered relevant merely because it asks where the Plaintiff was physically located on an impermissible topic. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue. The Plaintiff further notes it is the Defendant's affirmative burden to prove consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's affirmative defense of consent, or that the same is a required element of a TCPA claim. As such, it is not proportional to the needs of the case, nor relevant to any claim or defense. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff refuses to further respond because this interrogatory exceeds the scope of discovery permitted by the Court. The discovery sought has nothing to do with personal jurisdiction or venue, which are now moot points. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Interrogatory No. 10: Identify each physical address at which You owned or leased residential property as of the dates of the calls alleged in the Amended Complaint.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects insofar as this interrogatory seeks overly broad information, in that the precise physical address is irrelevant to the issues of jurisdiction or venue here. Plaintiff objects in that the foregoing information is not dispositive of jurisdiction or venue. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The information sought is inherently private and implicates not only Plaintiff's personal privacy interests but may also encroach upon the privacy rights of third parties such as cohabitants and minors. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue her claims and pursuit of relief. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff.

Notwithstanding the foregoing, and designating the foregoing response confidential, the Plaintiff leased residential property in Portland, Oregon on the dates of the calls alleged in the Amended Complaint. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Interrogatory No. 11: Identify each physical address at which You have resided past and present over the past 5 years.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. Plaintiff objects to this interrogatory as duplicative of Interrogatory 10. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects insofar as this interrogatory seeks overly broad information, in that the precise physical address is irrelevant to the issues of jurisdiction or venue here. Plaintiff objects in that the foregoing information is not dispositive of jurisdiction or venue. Plaintiff further objects in that this interrogatory seeks information within the past 5 years, which exceeds the time frame in the TCPA's statute of limitations and is not relevant to the issue of the Plaintiff's domicile at the time of the alleged calls or the filing of this suit. A half-decade's worth of residential history has no apparent bearing on the claims or defenses in this case, which concern a limited set of unsolicited telemarketing calls placed to a specific residential telephone number within a defined time period. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The information sought is inherently private and implicates not only Plaintiff's personal privacy interests but may also encroach upon the privacy rights of third parties such as cohabitants and minors. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue her claims and pursuit of relief. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as all of the Plaintiff's addresses are irrelevant to the calls the Plaintiff received. Moreover, as it seeks vast quantities of irrelevant information, it is vague and confusing. Plaintiff objects to this request as disclosure of her current address raises significant privacy and confidentiality concerns, particularly as TCPA plaintiffs in other lawsuits have been harassed and threatened with bodily and physical harm, sexual assault, and had weapons pulled on them. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Interrogatory No. 12: Identify the address of Your primary residence.

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. Plaintiff objects to this interrogatory as duplicative of Interrogatory 10. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects insofar as this interrogatory seeks overly broad information, in that the precise physical

address is irrelevant to the issues of jurisdiction or venue here. Plaintiff objects in that the foregoing information is not dispositive of jurisdiction or venue. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The information sought is inherently private and implicates not only Plaintiff's personal privacy interests but may also encroach upon the privacy rights of third parties such as cohabitants and minors. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue her claims and pursuit of relief. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff. Plaintiff objects to this request as disclosure of her current address raises significant privacy and confidentiality concerns, particularly as TCPA plaintiffs in other lawsuits have been harassed and threatened with bodily and physical harm, sexual assault, and had weapons pulled on them. Notwithstanding the foregoing, and designating the foregoing response confidential, the Plaintiff had a primary residence in Portland, Oregon on the dates of the calls alleged in the Amended Complaint. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

Interrogatory No. 13: Describe in full Your relationship to Ronald Gorodesky.
RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff. Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests, as well as various privileges, including the attorney client privilege. The Plaintiff refuses to further respond because this interrogatory exceeds the scope of discovery permitted by the Court. The discovery sought has nothing to do with personal jurisdiction or venue, which are now moot points. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

Interrogatory No. 14: Identify and describe Your connections to Pennsylvania and this geographic area comprising the Eastern District of Pennsylvania in the past 5 years.
RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. Plaintiff objects to this interrogatory as an impermissible contention interrogatory that seeks to have her summarize or characterize evidence. As such, it stands as an improper substitute for deposition testimony. Plaintiff objects to this interrogatory as vague and confusing. Plaintiff further objects in that a single Interrogatory is a disproportionate vehicle to demand that Plaintiff identify all evidence for a particular contention, particularly insofar as Defendant intends to use such a response to preclude the Plaintiff from introducing other evidence or will be used to attempt to prevent the introduction of discoverable evidence on the grounds that it was not identified. Notwithstanding

the foregoing, the Plaintiff is married to an individual from Pennsylvania, may possibly move there, travels there frequently, and conducts business there, among other things. Plaintiff also has a 215- area code number.

Interrogatory No. 15: Describe each time You visited Quest Health's website, including the date of each visit and your physical location at the time of each visit (e.g., city and state).

RESPONSE: Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case, and insofar as this interrogatory exceeds the scope of bifurcated discovery ordered by the Court. Plaintiff objects to this Interrogatory as moot. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue, or visited Quests Health's website and insofar as this interrogatory speaks to consent, not venue and jurisdiction, which the Court bifurcated discovery on. Simply couching this interrogatory in terms of the Plaintiff's physical location does not transform the interrogatory into one that addresses the bifurcated discovery. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff denies ever having consented to any of the communications at issue. The Plaintiff further notes it is the Defendant's affirmative burden to prove consent, not the Plaintiff's burden to disprove that any purported consent did not occur. Accordingly, the Plaintiff objects as it purports to assert that the Plaintiff was required to take steps or not take steps, as the case may be, to disclaim consent for nonconsensual calls or provide evidence disproving Defendant's affirmative defense of consent, or that the same is a required element of a TCPA claim. As such, it is not proportional to the needs of the case, nor relevant to any claim or defense. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Notwithstanding, the Plaintiff never visited Quest Health's website.

## **VERIFICATION**

Pursuant to the Federal Rules of Civil Procedure, the undersigned says that the foregoing Answers to Interrogatories are true and correct to the best of her knowledge and belief.

Dated: Aug 22, 2025
_____

_____
Jessica Murch

## RESPONSES TO REQUESTS FOR PRODUCTION

Request for Production No. 1: All Documents referenced in, or reviewed in connection with, preparing your responses to the First Set of Interrogatories served upon You concurrently herewith.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case, in excess of those documents relevant to the venue and jurisdiction discovery ordered by the Court, and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" so much as "referenced in, or reviewed in" in drafting the Plaintiff's responses, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. Plaintiff objects that this demand does not set forth a reasonably particularized category of documents to be produced. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the responses, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Furthermore, the Plaintiff further objects in that discovery is still ongoing. Notwithstanding the foregoing, the Plaintiff has not relied upon any non-privileged documents and communications in responding to the first set of Interrogatories. Beyond these documents, there are no other documents other than those which the Plaintiff has already agreed to produce.

Request for Production No. 2: All Documents referenced in, or reviewed in connection with, preparing your responses to the First Requests for Admission served upon You concurrently herewith.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case, in excess of those documents relevant to the venue and jurisdiction discovery ordered by the Court, and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. Plaintiff objects to this Request as nonsensical, as Defendant has not served any Requests for Admission. Plaintiff objects insofar as this purports to assert that Defendant served any Requests for Admission, which it did not. Plaintiff cannot further form a coherent response or objection based on the request as presented.

Request for Production No. 3: All Documents sufficient to identify all account and subscriber

information for the cellular phone number that received the alleged calls referenced in the Amended Complaint for the four-year period preceding the filing of the Action.

      RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. Plaintiff further objects in that it is unclear what it refers to when it seeks "account and subscriber information." As such, the request is vague and ambiguous. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records and account information for irrelevant calls as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information his never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, and designating the same as confidential, the Plaintiff will produce redacted copies of billing statements reflecting the subject calls at issue, only, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 4: Copies of phone records, including call logs and telephone bills for the phone number that received the alleged calls referenced in the Amended Complaint and the phone numbers identified in Your answer to Interrogatory No. 3 for the five-year period preceding the filing of the Action.

      RESPONSE: Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, and which exceeds the limited scope of venue and jurisdiction discovery ordered in this case. Plaintiff's other phone records not relating to the calls at issue, let alone for a five-year period, which exceeds the TCPA's statute of limitations, is irrelevant, incredibly intrusive and burdensome, and simply not proportional to the needs of the case, in addition to being outside the scope of the discovery limitations imposed by this Court. . Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records for five years as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information his never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, and designating the same as confidential, the Plaintiff will produce redacted copies of billing statements reflecting the subject calls at issue, only, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

Request for Production No. 5: All Documents sufficient to identify any claims or lawsuits You have asserted pursuant to the TCPA (including demand letters and complaints) and any related settlements.

      RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects in that this request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought and without a limiting or guiding principle for Plaintiff to follow. This request is overly broad in that it seeks all documents related to all such legal documents involving the Plaintiff, without so much as a time limitation, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case. Seeking "all documents," without exception, in any manner so much as "sufficient to identify" "any claims or lawsuits You have asserted pursuant to the TCPA (including demand letters and complaints) and any related settlements" encompasses potentially thousands of pages of records. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence, including as interpreted by the Eastern District of Pennsylvania and Third Circuit, as in *Spear v. Fenkell*, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015). Indeed, multiple other Courts have similarly held that they are "not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to [Defendant's] defenses." *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements "are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted."). Plaintiff further objects in that this request is unlimited in time and scope. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case, and certainly is not relevant to jurisdiction or venue. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Furthermore, any public records of lawsuits filed by the Plaintiff and public filings therein are publicly available, and equally available to the Defendant.

Request for Production No. 6: For each TCPA lawsuit to which You have been a party in the last ten (10) years, produce a copy of all of Your discovery responses.

RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. This request is overly broad in that it seeks all documents in discovery involving the Plaintiff *in the past decade*, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case, and particularly in light of the jurisdictional allegations. Seeking all "discovery responses," without exception, in any "TCPA lawsuit to which You have been a party in the last ten (10) years" encompasses potentially thousands of pages of records. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case, and certainly is not relevant to jurisdiction or venue. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

Request for Production No. 7: Copies of all testimony You have ever given in any proceeding, including deposition testimony, trial testimony, and hearing testimony, including copies of any video recording if such testimony was videotaped.

RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. This request is overly broad in that it seeks all testimony in *any proceeding* involving Plaintiff without time or scope limitations, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all testimony is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case, and particularly in light of the jurisdictional allegations. Seeking all "testimony" the Plaintiff has ever given may involve hundreds of hours of search and identification with no real benefit. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as

this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case, and certainly is not relevant to jurisdiction or venue. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

Request for Production No. 8: All Documents that support or refute Your assertion that the Eastern District of Pennsylvania may exercise personal jurisdiction over Quest in this Action.

 RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Request for Production No. 9: All Documents and Communications, including but not limited to postings on any internet website, blog, social media website (including but not limited to Facebook, Twitter, and Instagram), or other online service or site, that You created or posted that references Quest or Happy Quote, the TCPA, or any anticipated or actual litigation in which You are a party or were considering participating in as a party, claimant or witness.

 RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. This request is overly broad in that it seeks not only all "documents and communications," including all social media communications referencing not just the Defendants but "the TCPA, or any anticipated or actual litigation in which You are a party or were considering participating in as a party, claimant or witness," instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the burden placed upon Plaintiff to produce all such documents is overwhelming and beyond the scope of Rule 26 and plainly excessive given the limited needs of this case, and particularly in light of the jurisdictional allegations. Seeking all such information encompasses potentially thousands of

pages of records. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case, and certainly is not relevant to jurisdiction or venue. The Plaintiff objects insofar as this request is vague and confusing. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

Request for Production No. 10: All Documents sufficient to identify all telephone numbers that You have used and/or subscribed to within the last 10 years.

    RESPONSE: The Plaintiff objects to this request insofar as it seeks information other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, and which exceeds the limited scope of venue and jurisdiction discovery ordered in this case. This request is overly broad in that it seeks not only all telephone numbers to which the Plaintiff has subscribed, but all numbers that the Plaintiff has so much as "used," including only temporarily, instead of a specific and reasonably particularized category of documents as the rules require. Indeed, the scope of the request is also objectionable, seeking all telephone numbers in the past 10 years, which far exceeds the TCPA's statute of limitations. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other phone numbers sought are irrelevant to the calls the Plaintiff received. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy and data security interests, as well as various privileges, including the attorney client privilege. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, there are no responsive documents with respect to the telephone number at issue beyond those which the Plaintiff has already agreed to produce.

Request for Production No. 11: All Documents sufficient to identify Your state of residence as of the dates of the phone calls alleged in the Amended Complaint, including but not limited to property records, leases, tax statements.

    RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request plainly seeks

attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects insofar as this request purports to seek documents beyond those sufficient to identify this contention. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Request for Production No. 12: All Documents sufficient to identify any residential property You owned or leased on the dates of the phone calls alleged in the Amended Complaint.

    RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects insofar as this request purports to seek documents beyond those sufficient to identify this contention. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Request for Production No. 13: A copy of your driver's license.

    RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects insofar as the Plaintiff's driver's license is a highly-sensitive and confidential document of an extremely personal nature, and has no bearing on any claim or defense at issue, particularly as the Plaintiff has already agreed to transfer venue. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed,

read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.


Request for Production No. 14: All Documents and Communications concerning the calls alleged in the Amended Complaint, including but not limited Documents evidencing Your physical location at the time of those calls.

      RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. Plaintiff objects to this request as vague and confusing in that it is not clear as to what documents would "concern" the calls alleged.  The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects insofar as this request purports to seek documents beyond those sufficient to identify this contention. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted. Plaintiff objects in that at least part of this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents with respect to physical location would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted. Notwithstanding the foregoing, and designating the same as confidential, the Plaintiff will produce copies of the call recordings at issue, together with her telephone records for the calls at issue within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).


Request for Production No. 15: All Documents reflecting the identity of the person or entity who paid/pays the bills, for the four years preceding the filing of the Action, for the account of accounts associated with the cell phone number that received the alleged calls referenced in the Amended Complaint.

      RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. Plaintiff objects in that the request is vague and ambiguous.

Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records and account information for irrelevant calls is violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information his never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, and designating the same as confidential, the Plaintiff will produce redacted copies of billing statements reflecting the subject calls at issue, only, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).


Request for Production No. 16: All Documents and Communications relating to the Medicaid or Medicare information You provided over the phone during the calls referenced in the Amended Complaint.

RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request seeks attorney-client communications, expert communications, and other forms of privileged communications. The Plaintiff objects insofar as this Request seeks information protected by Medicare or Medicaid privacy laws. Furthermore, it is unclear what "documents" or "communications" would relate to the Medicare information other than the invalid information provided on the calls. As such, the request is vague and confusing, and does not set forth a reasonably particularized category of documents to be produced. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, there are no responsive documents, other than the recordings of the calls themselves, which the Plaintiff has already agreed to produce confidentially.

Request for Production No. 17: All Documents and Communications relating to the business known as Restaurant Advisory Service located at 1401 Morris Court, North Wales, PA, 19454.

RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may

be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.
Notwithstanding the foregoing, there are no responsive documents.

Request for Production No. 18: All Documents and Communications relating to Ronald
Gorodesky.

     RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than
the telephone number or calls at issue in this case and includes information not relevant to any
party's claim or defense, do not relate in any manner to Defendant, and as a result are not
proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction
discovery ordered by the Court. Plaintiff objects to this request insofar as it seeks "all documents
and communications" in any way "relating" to Ronald Gorodesky. This demand does not set
forth a reasonably particularized category of documents to be produced, in addition to being
vague and ambiguous. It is further broadened and rendered all the more vague in that it requires
production of all communications so much as "relating to" Ronald Gorodesky. That definition is
so expensive to render it practically unascertainable. As the Plaintiff has explained, the Plaintiff
believes that Ronald Gorodesky was the former subscriber of the Plaintiff's phone number. This
request is overly broad in that it seeks all documents related to Ronald Gorodesky, including, but
not limited to, all documents that so much refer to him, which could be on the order of hundreds
of unwanted, unsolicited phone calls placed to the Plaintiff looking for Ronald Gorodesky, not
just those at issue in the case. Indeed, the burden placed upon Plaintiff to produce all such
documents relating to Ronald Gorodesky, other than those related to this case, is overwhelming
and beyond the scope of Rule 26. To fashion a response to this demand would require Plaintiff to
search every single document, call recording, note, and scrap of paper in her possession and then
filter those results to those that relate to Ronald Gorodesky. In fact, this demand is so
burdensome that Plaintiff would need to listen to many hours of call recordings of illegal calls
alone to determine which, if any, "relate to" or "refer to" Ronald Gorodesky. This process alone
will take hundreds of hours, but Plaintiff has no way of knowing how many persons need to be
consulted nor the amount of time, money and resources necessary to conduct a wholly irrelevant
and unnecessary search. This demand is objectionable as it may be read to include a demand for
privileged records, such as counsel for Plaintiff's entire litigation file for this case, the records of
communication between Plaintiff and counsel. Then, the Plaintiff would then need to cross-
reference those records of calls in which Ronald Gorodesky is not mentioned with other
documents, including privileged litigation documents, where the Defendant nevertheless
erroneously claims that they were calling for Ronald Gorodesky. Even focusing on non-
privileged records, however, the burden attendant of the search Defendant demands is excessive
given the limited needs of this case. This request is unlimited in scope in that it includes
everything remotely related to Ronald Gorodesky. The demand imposes an extreme burden to
the extent it purports to require Defendant to search each and every scrap of paper or electronic
record that might make mention of Ronald Gorodesky, a person with which Plaintiff otherwise
has no affiliation with. Such a search might take hundreds of hours, yet only those records that
deal with references to Ronald Gorodesky in the records related to the instant subject calls are
conceivably relevant to the case. Indeed, as such, this request seeks information which is more
available, or only so, to the Defendant, than the Plaintiff. So, the proportionality requirements of
Rule 26 are exceeded. The Plaintiff further objects in that the request can be read in such a way
that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing
expedition for documents or unspecified "documents" in any way even tangentially related to

Ronald Gorodesky. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

Request for Production No. 19: All Documents and Communications relating to James Trower.
    RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects insofar as this request seeks to have the Plaintiff produce a copy of the subpoena response received from Verizon, which has already been produced. Notwithstanding the foregoing, there are no responsive documents.

Request for Production No. 20: All recordings of the calls referenced in the Amended Complaint.
    RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request seeks attorney-client communications, expert communications, and other forms of privileged communications. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects insofar as this request seeks to have the Plaintiff produce other recordings of the calls produced by Quest previously, which such recordings authenticity is disputed. Notwithstanding the foregoing, there are no responsive recordings beyond those which the Plaintiff has already agreed to produce, and designated as confidential.

Request for Production No. 21: All Documents and Communications supporting Your connections to Pennsylvania.
    RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, including counsel's analysis of what supports a "connection" to Pennsylvania.

Additionally, the request is vague and confusing in that it does not set forth or identify a reasonably particularized category of documents as the Rules require. The request is also practically unintelligible as written, as it is unclear how a "document" or "communication" would support a "connection" to Pennsylvania. Furthermore, insofar as this request seeks every document and communication ever sent to or received in Pennsylvania, that would be tremendously overbroad and clearly disproportional to the needs of the case, in addition to including potentially thousands of pages of irrelevant and sensitive documents. Plaintiff objects insofar as this request purports to seek documents beyond those sufficient to identify this contention. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

Request for Production No. 22: All Documents supporting Your contention that venue is proper in the Eastern District of Pennsylvania.

   RESPONSE: The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case, in addition to exceeding the scope of venue and jurisdiction discovery ordered by the Court. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, including counsel's analysis of what supports a "connection" to Pennsylvania. Additionally, the request is vague and confusing in that it does not set forth or identify a reasonably particularized category of documents as the Rules require. Plaintiff objects insofar as this request purports to seek documents beyond those sufficient to identify this contention. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects in that this request is moot, as Plaintiff and Quest have sought to transfer this matter outside of the Eastern District of Pennsylvania. As such, any production of documents would not be proportional to the needs of the case, nor relevant to any claim or defense at this point. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

**Dated: August 22, 2025**

                                      /s/ Andrew Roman Perrong
                                      Andrew Roman Perrong, Esq.
                                      *Perrong Law LLC*
                                      2657 Mount Carmel Avenue
                                      Glenside, Pennsylvania 19038
                                      Phone: 215-225-5529 (CALL-LAW)

Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2025, a copy of the foregoing was served

electronically on counsel for the Defendants via e-mail.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com